Laurence D. King (SBN 206423)
**KAPLAN FOX & KILSHEIMER LLP**
1999 Harrison Street, Suite 1501
Oakland, CA 94612
T: 415-772-4700
F: 415-772-4707
*lking@kaplanfox.com*

*[additional counsel on signature page]*

*Counsel for Movant Daihong Guo and Proposed Co-Lead*
*Counsel for the Proposed Class*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SOOKDEO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>HIMS & HERS HEALTH, INC., ANDREW DUDUM, and OLUYEMI OKUPE,<br><br>Defendant. | Case No.: 3:25-cv-05315-JD<br><br>**CLASS ACTION**<br><br>**NOTICE OF MOTION, MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DAIHONG GUO'S MOTION FOR CONSOLIDATION OF THE RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL**<br><br>Judge: Hon. James Donato<br>Courtroom: 11, 19th Floor<br>Date: TBD<br>Time: TBD |
| ARA YAGHSIZIAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HIMS & HERS HEALTH, INC., ANDREW DUDUM and OLUYEMI OKUPE,<br><br>Defendants. | Case No. 3:25-cv-05321-JD |

Case Nos. 3:25-cv-05315-JD & 3:25-cv-05321-JD

No. of Mo., Mo. & MPA iso Mo. to Consolidate, Appt. Lead Plaintiff, and Approve Co-Lead Counsel

## NOTICE OF MOTION AND MOTION

**TO:    ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD**

PLEASE TAKE NOTICE that on a date and time as set by the Court, in Courtroom 11 of the San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, the Honorable James Donato presiding, Movant Daihong Guo ("Ms. Guo" or "Movant") will, and hereby does, respectfully move this Court, under the Federal Rules of Civil Procedure ("Rule") and Section 21D of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") for an order: (1) consolidating the above-captioned securities class actions (the "Related Actions") under Rule 42(a); (2) appointing Ms. Guo as lead plaintiff under the PSLRA for a putative class of all persons or entities that purchased Hims & Hers Health, Inc. ("Hims" or the "Company") securities between April 29, 2025 and June 23, 2025, inclusive (the "Class Period") (the "Class"); (3) approving Ms. Guo's selection of Kaplan Fox & Kilsheimer LLP ("Kaplan Fox"), and the Law Offices of Richard L. Stone, PLLC ("Stone Law") as co-lead counsel; and (4) granting such other relief as the Court may deem just and proper.[1]

This motion is made on the grounds that Ms. Guo believes that she is the "most adequate plaintiff" possessing claims arising out of the Exchange Act for the Class. 15 U.S.C. § 78u-4(a)(3)(B). Ms. Guo believes she has the largest financial interest and that she meets the requirements of Rule 23 because her claims are typical of the claims of members of the Class, and Ms. Guo will fairly and adequately represent the Class. Finally, Ms. Guo has selected and retained Kaplan Fox and Stone Law to serve as co-lead counsel, law firms with substantial experience in prosecuting complex securities class actions. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).

---

[1] The related securities actions filed in this District are captioned *Sookdeo v. Hims & Hers Health, Inc. et al.*, No. 3:25-cv-05315-JD (N.D. Cal. June 25, 2025) (the "*Sookdeo* Action") and *Yaghsizian v. Hims & Hers Health, Inc.*, No. 3:25-cv-05321-JD (N.D. Cal. June 25, 2025) (the "*Yaghsizian* Action"). Under the Court's Order dated July 17, 2025 (ECF No. 8 in the *Sookdeo* Action), the *Sookdeo* Action and *Yaghsizian* Action were deemed related and the *Yaghsizian* Action was reassigned to this Court. The Class Period described above is pled in the above-captioned *Yaghsizian* action. The Class Period alleged in the above-captioned *Sookdeo* Action ends a day earlier, on June 22, 2025.

- 1 -    Case Nos. 3:25-cv-05315-JD & 3:25-cv-05321-JD

No. of Mo., Mo. & MPA ISO Mo. to Consolidate, Appt. Lead Plaintiff, and Approve Co-Lead Counsel

The motion is based on this notice of motion, the supporting memorandum of points and authorities, the Declaration of Laurence D. King in Support of Ms. Guo's Motion for Consolidation of the Related Actions, Appointment as Lead Plaintiff, and Approval of Lead Counsel, dated August 25, 2025 ("King Decl."), the pleadings and other files and records in each of the Related Actions, and upon such other written or oral argument as may be presented to the Court.

Counsel for Ms. Guo are aware of the Court's requirements that the parties meet and confer to identify proposed hearing dates that are amenable to all parties and counsel, however, because it is unknown which members of the proposed Class will seek to be appointed lead plaintiff by the August 25, 2025 deadline, a meet and confer is not possible.

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ........................................................................................... ii

STATEMENT OF ISSUES TO BE DECIDED ...........................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ...............................................1

I.      INTRODUCTION ...............................................................................................1

II.     SUMMARY OF THE RELATED ACTIONS ....................................................2

III.    ARGUMENT.......................................................................................................6

        A.      The Court Should Consolidate the Related Actions ................................6

        B.      Legal Standards and Procedures for Appointment of Lead Plaintiff
                and Lead Counsel ....................................................................................6

                1.      Ms. Guo has the Largest Financial Interest ................................8

                2.      Ms. Guo Satisfies Rule 23 ...........................................................8

                        a.      Ms. Guo's Claims are Typical ..........................................9

                        b.      Ms. Guo is Adequate .......................................................10

                3.      This Court Should Approve Ms. Guo's Selection of Counsel...................10

IV.     CONCLUSION..................................................................................................11

- i -        Case Nos. 3:25-cv-05315-JD &3:25-cv-05321-JD

No. of Mo., Mo. & MPA iso Mo. to Consolidate, Appt. Lead Plaintiff, and Approve Co-Lead Counsel

**TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

Cohen v. U.S. Dist. Court for N. Dist. of Cal.,
  586 F.3d 703 (9th Cir. 2009) ...................................................................................................... 10

Evellard v. LendingClub Corp.,
  No. C 16-02627 WHA, 2016 WL 9108914 (N.D. Cal. Aug. 15, 2016) ........................................ 6

Felix v. Symantec Corp.,
  No. C 18-02902 WHA, 2018 WL 4029053 (N.D. Cal. Aug. 23, 2018) ........................................ 6

Greene v. Granite Constr. Inc.,
  No. C 19-04744 WHA, 2019 WL 6327229 (N.D. Cal. Nov. 26, 2019) ........................................ 9

Hanlon v. Chrysler Corp.,
  150 F.3d 1011 (9th Cir. 1998) ...................................................................................................... 9

Hanon v. Dataproducts Corp.,
  976 F.2d 497 (9th Cir. 1992) ........................................................................................................ 9

In re Cavanaugh,
  306 F.3d 726 (9th Cir. 2002) ............................................................................................... passim

In re Century Aluminum Co. Sec. Litig.,
  No. C 09-1001 SI, 2009 WL 2905962 (N.D. Cal. Sept. 8, 2009) ................................................ 6

Luna v. Marvell Tech. Grp. Ltd,
  No. 15-cv-05447-RMW, 2016 WL 469422 (N.D. Cal. Feb. 8, 2016) ........................................ 10

Mehedi v. View, Inc.,
  No. 21-CV-06374-BLF, 2022 WL 377406 (N.D. Cal. Feb. 8, 2022),
  writ of mandamus denied sub nom, In re Sonthalia, No. 22-70044,
  2022 WL 3445815 (9th Cir. Aug. 17, 2022) ................................................................................ 7

Miami Police Relief & Pension Fund v. Fusion-io, Inc.,
  No. 13-CV-05368-LHK, 2014 WL 2604991 (N.D. Cal. June 10, 2014) ...................................... 2

Mohanty v. BigBand Networks, Inc.,
  No. C 07-5101 SBA, 2008 WL 426250 (N.D. Cal. Feb. 14, 2008) .............................................. 6

Mulligan v. Impax Labs, Inc.,
  No. C-13-1037 EMC, 2013 WL 3354420 (N.D. Cal. July 2, 2013) ............................................. 6

Richardson v. TVIA, Inc.,
  No. C 06 6304 RMW, 2007 WL 1129344 (N.D. Cal. Apr. 16, 2007) .................................... 9, 10

Siegall v. Tibco Software, Inc.,
  No. C 05-2146 SBA, 2006 WL 1050173 (N.D. Cal. Feb. 24, 2006) ............................................ 9

Staton v. Boeing Co.,
  327 F.3d 938 (9th Cir. 2003) ...................................................................................................... 10

Z-Seven Fund, Inc. v. Motorcar Parts & Accessories,
  231 F.3d 1215 (9th Cir. 2000) ...................................................................................................... 1

**TABLE OF AUTHORITIES**

**Page(s)**

**STATUTES**

15 U.S.C. § 78u-4 ...............................................................................................................*passim*

15 U.S.C. § 78j(b)...........................................................................................................................1

15 U.S.C. § 78t(a) ...........................................................................................................................1

**RULES**

Fed. R. Civ. P. 23...................................................................................................................*passim*

Fed. R. Civ. P. 42.................................................................................................................1, 6, 11

**REGULATIONS**

17 C.F.R. § 240.10b-5 ....................................................................................................................1

No. of Mo., Mo. & MPA iso Mo. to Consolidate, Appt. Lead Plaintiff, and Approve Co-Lead Counsel

**STATEMENT OF ISSUES TO BE DECIDED**

1.     Whether the Court should consolidate the Related Actions under Rule 42(a).

2.     Whether Movant Daihong Guo ("Ms. Guo" or "Movant") should be appointed Lead Plaintiff under the PSLRA.

3.     Whether the Court should approve Ms. Guo's selection of Kaplan Fox & Kilsheimer LLP ("Kaplan Fox") and the Law Offices of Richard L. Stone, PLLC ("Stone Law") as Co-Lead Counsel.[2]

**MEMORANDUM OF POINTS AND AUTHORITIES**

Ms. Guo respectfully submits this memorandum of law in support of her motion for: (1) consolidation of the Related Actions under Rule 42(a); (2) appointment as lead plaintiff for the Class, pursuant to Section 21D of the Exchange Act, 15 U.S.C. § 78u-4(a)(3)(B), as amended by the PSLRA; (3) approval of her selection of Kaplan Fox and Stone Law as co-lead counsel for the Class; and (4) such other relief as the Court may deem just and proper. Ms. Guo believes that she has the largest financial interest in the outcome of this litigation and is thus presumptively entitled to be appointed lead plaintiff for the Class and to have her selection of counsel approved. *See* 15 U.S.C. §§ 78u-4(a)(3)(B)(iii)(I)(bb) and 78u-4(a)(3)(B)(v); *Z-Seven Fund, Inc. v. Motorcar Parts & Accessories*, 231 F.3d 1215, 1217 (9th Cir. 2000); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

**I.     INTRODUCTION**

The Related Actions are brought under Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, against Hims, Hims Chief Executive Officer Andrew Dudum ("Dudum"), and Hims Chief Financial Officer Oluyemi Okupe ("Okupe") (collectively, the "Defendants") for violations of the federal securities laws relating to Defendants' alleged false and misleading statements throughout the Class Period.

---

[2] All remaining terms defined in the foregoing Notice of Motion and Motion are incorporated herein.

- 1 -     Case Nos. 3:25-cv-05315-JD & 3:25-cv-05321-JD
No. of Mo., Mo. & MPA iso Mo. to Consolidate, Appt. Lead Plaintiff, and Approve Co-Lead Counsel

The Related Actions consist of the following cases:

| Case Name | Case Number | Date Filed | Class Definition |
|---|---|---|---|
| *Sookdeo* Action | 3:25-cv-05315-JD | May 25, 2025 | "all persons and entities that purchased or otherwise acquired Hims securities between April 29, 2025 and June 22, 2025, inclusive, and who were damaged thereby (the "Class")" |
| *Yaghsizian* Action | 3:25-cv-05321-JD | May 25, 2025 | "all persons and entities who purchased or otherwise acquired Hims & Hers, Inc. common stock between April 29, 2025 through June 23, 2025, inclusive."[3] |

Under the PSLRA, after consolidation, this Court must appoint the member of the class "most capable of adequately representing the interests of class members" to serve as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). Ms. Guo believes that she is the movant with the largest financial interest that otherwise meets the applicable requirements under Rule 23.

Finally, Ms. Guo respectfully requests that the Court approve Kaplan Fox and Stone Law as Co-Lead Counsel for the Class. *See* § III.B.3., *infra*; 15 U.S.C. § 78u-4(a)(3)(B)(v) ("the most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class").

## II.    SUMMARY OF THE RELATED ACTIONS

On June 25, 2025, the *Sookdeo* Action and *Yaghsizian* Action were filed and notices were published to class members, as required by 15 U.S.C. § 78u-4(a)(3)(A)(i) of the Exchange Act (the "Notices"). *See* King Decl., Exhs. 1 and 2. The Notices advised purchasers of Hims securities of the existence of their respective lawsuits against Defendants and the nature of Defendants' statements, omissions and conduct that allegedly damaged investors. *Id.* The Notices further advised class members of their right to move the Court to be appointed lead plaintiff within 60 days of the publication of the Notices. *Id.*

The Related Actions allege that Hims operates a telehealth platform that connects consumers to licensed healthcare professionals. *Sookdeo* Action, ECF No. 1 ("*Sookdeo* Compl."),

---

[3] For purposes of determining the "most adequate plaintiff" under the PSLRA, courts have held that the longer class period alleged is the appropriate period to consider. *See e.g.*, *Miami Police Relief & Pension Fund v. Fusion-io, Inc.*, No. 13-CV-05368-LHK, 2014 WL 2604991, at *1 n.3 (N.D. Cal. June 10, 2014) ("For purposes of appointing a lead plaintiff, the longest class period governs."). Accordingly, Movant has described a Class Period consistent with the *Yaghsizian* Complaint.

¶ 2. *See also Yaghsizian* Action, ECF No. 1 ("*Yaghsizian* Compl."), ¶ 2. Hims' platform offers "a range of curated prescription and non-prescription health and wellness products and services available to purchase on its websites and mobile application directly by customers." *Sookdeo* Compl., ¶ 2. As alleged, "[i]n May 2024, the Company began providing access to compounded injectable semaglutide, a glucagon-like peptide-1 receptor agonist (GLP-1), used for weight loss." *Sookdeo* Compl., ¶ 17. Compounded semaglutide was a key component of the Company's weight loss offerings and mimics the effects of brand-name drugs like Ozempic and Wegovy at a lower cost. *Yaghsizian* Compl., ¶ 19. Federal law permits pharmacies to produce and sell compounded versions of drugs when the FDA has declared a shortage of said drug, or when a patient's circumstances require a customized version for certain health reasons. *Yaghsizian* Compl., ¶ 20. Compounded drugs are not reviewed by the FDA for safety or effectiveness, and once a shortage ends, the compounded versions can only continue to be produced in very limited cases. *Id.*

The FDA initially declared a shortage of Wegovy and Ozempic in August 2022. *Yaghsizian* Compl., ¶¶ 20-21. On February 21, 2025, the FDA announced that the shortages had been resolved and ordered all applicable pharmacies to stop producing compounded semaglutide by April 2025. *Yaghsizian* Compl., ¶ 21. *See also Sookdeo* Compl., ¶ 22. The Company, however, continued to offer compounded semaglutide to its users purportedly under the FDA's personalization exception. *Yaghsizian* Compl., ¶ 21. *See also Sookdeo* Compl., ¶ 22.

The Company's compounded weight-loss drugs represented a substantial part of its business and following the FDA's February 2025 announcement that the shortages of those drugs had ended (and that compounding of semaglutide medications would not be permitted after May 2025), analysts expressed concerns about the potential impact on the Company's weight-loss revenue. *Yaghsizian* Compl., ¶ 22.

On April 29, 2025, the start of the Class Period, the Company announced a long-term collaboration with Novo Nordisk, starting with the immediate sale of "a bundled offering of Novo Nordisk's FDA-approved Wegovy® on the Hims & Hers Platform." *Sookdeo* Compl. at ¶ 18. *See also Yaghsizian* Compl., ¶¶ 23, 26. The announcement also stated that "Americans can now access NovoCare® Pharmacy directly through the Hims & Hers platform, with a bundled offering of all

dose strengths of Wegovy,®" and that, "individuals may be prescribed Wegovy®, alongside Hims & Hers' world-class, holistic approach to care, powered by today's technology." *Sookdeo* Compl. at ¶ 18. The announcement continued, "This new offering builds on Hims & Hers' existing suite of weight loss solutions and provides access to all dose strengths of Wegovy® in a high-quality pen for self-pay patients." *Id.*

In the ensuing weeks, the Company issued a series of statements touting its partnership with Novo Nordisk. On May 5, 2025, Hims issued a shareholder letter affirming previously reported financial results as well as highlighting the Company's:

> long-term collaboration with Novo Nordisk to expand affordable access to proven obesity care. As a first step, individuals can now access Wegovy® through the Hims & Hers platform, bundled with access to 24/7 care, clinical support, and nutrition guidance, all at a single, unified price. This collaboration pairs our customer-centric platform with Novo Nordisk's innovative pipeline, allowing us to serve more customers, broaden access to clinically proven treatments, and drive stronger outcomes.

*Sookdeo* Compl. at ¶ 20. That same day, May 5, 2025, Defendant Dudum, Hims' CEO, further touted the Novo partnership on an earnings call, stating:

> And now through our new collaboration with Novo Nordisk, we're expanding access to branded Wegovy to bring subscribers on our platform an even broader range of choice. Branded Wegovy will be an additional option for subscribers and will complement our oral kit offering, liraglutide and personalized semaglutide options.
>
> ***
>
> This collaboration also signals something important, trust from a major pharmaceutical leader, and it sets the blueprint for future partnerships that can expand both our reach and our relevance.

*Yaghsizian* Compl., ¶ 27. Hims' CEO and CFO made further positive remarks about their collaboration with Novo Nordisk during a May 15, 2025 JP Morgan technology, media and

communications conference (*Yaghsizian* Compl.*, ¶ 30). And, in a May 22, 2025 press release, Hims announced an additional Wegovy semaglutide offering in partnership with Novo Nordisk. *Sookdeo* Compl., ¶ 23.

The Related Actions allege that throughout the Class Period, Defendants made materially false and misleading statements, failed to disclose material adverse facts about the Company's business, operations, prospects, and touted their partnership with Novo Nordisk. *Sookdeo* Compl., ¶¶ 18-24; *Yaghsizian* Compl., ¶¶ 25-32. Specifically, Defendants made false and misleading statements and failed to disclose that: (1) The communication between Hims and Nova Nordisk was insufficient to ensure that their partnership would provide long-term access to Wegovy for Hims users (*Yaghsizian* Compl., ¶ 32); (2) Novo Nordisk had not agreed to Hims' offerings of compounded semaglutide options (*Yaghsizian* Compl., ¶ 32); (3) Novo Nordisk would be unwilling to offer Wegovy concurrently with compounded semaglutide drugs (*Yaghsizian* Compl., ¶ 32); (4) that Hims was engaged in the "deceptive promotion and selling of illegitimate, knockoff versions of Wegovy that put patient safety at risk" (*Sookdeo* Compl., ¶ 24); (5) that, as a result, there was a substantial risk that the Company's collaboration with Novo Nordisk would be terminated (*Sookdeo* Compl., ¶ 24); and (6) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis. *Sookdeo* Compl., ¶ 24; *Yaghsizian* Compl., ¶ 32. The Related Actions also allege that Defendants acted with scienter. *Sookdeo* Compl., ¶ 38; *Yaghsizian* Compl., ¶¶ 35-36.

The truth was allegedly revealed before the opening of trading on June 23, 2025, when Novo Nordisk announced the termination of its partnership with Hims, alleging that the Company was improperly selling and promoting unapproved, compounded versions, had "***failed to adhere to the law which prohibits mass sales of compounded drugs under the false guise of 'personalization' and are disseminating deceptive marketing that put patient safety at risk.***" *Sookdeo* Compl., ¶ 25. *See also Yaghsizian* Compl., ¶ 33. The 'Novo' Nordisk press release further stated that "[b]ased on Novo Nordisk's investigation, the 'semaglutide' active pharmaceutical ingredients that are in the knock-off drugs sold by telehealth entities and compounding pharmacies" may contain "***unsafe and illicit foreign ingredients***." *Sookdeo* Compl., ¶ 25.

On this news, the Company's share price fell $22.24, or 34.6%, from $64.22 per share on June 20, 2025 to close at $41.98 per share on June 23, 2025, on unusually heavy trading volume. *Sookdeo* Compl., ¶ 26; *Yaghsizian* Compl., ¶ 34.

## III.   ARGUMENT

### A.   The Court Should Consolidate the Related Actions

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this title [] has been filed," courts shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u–4(a)(3)(B)(ii). Thereafter, the Court "shall appoint the most adequate plaintiff for the consolidated actions." *Id.* The Related Actions are based on substantially similar facts, allege similar Class Periods and assert the same violations of the Exchange Act against similar defendants, and therefore they should be consolidated.

Consolidation under Rule 42(a) is proper where actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a); *Felix v. Symantec Corp.*, No. C 18-02902 WHA, 2018 WL 4029053, at *1-2 (N.D. Cal. Aug. 23, 2018); *Evellard v. LendingClub Corp.*, No. C 16-02627 WHA, 2016 WL 9108914, at *2 (N.D. Cal. Aug. 15, 2016); *Mulligan v. Impax Labs, Inc.*, No. C-13-1037 EMC, 2013 WL 3354420, at *3 (N.D. Cal. July 2, 2013); *Mohanty v. BigBand Networks, Inc.*, No. C 07-5101 SBA, 2008 WL 426250, at *2 (N.D. Cal. Feb. 14, 2008). Courts recognize that class action shareholder suits are well-suited for consolidation because consolidation conserves judicial resources, expedites pretrial proceedings, reduces case duplication, and lessens the confusion and delay that may result from prosecuting related class action cases separately. *See In re Century Aluminum Co. Sec. Litig.*, No. C 09-1001 SI, 2009 WL 2905962, at *2 (N.D. Cal. Sept. 8, 2009); *Mohanty*, 2008 WL 426250, at *3-4. In an effort to ensure consistent rulings and to avoid unduly burdensome duplication of labor and expense, the Court should consolidate the Related Actions.

### B.   Legal Standards and Procedures for Appointment of Lead Plaintiff and Lead Counsel

The PSLRA governs the procedure for selection of lead plaintiff in all private class actions

- 6 -   Case Nos. 3:25-cv-05315-JD & 3:25-cv-05321-JD

No. of Mo., Mo. & MPA iso Mo. to Consolidate, Appt. Lead Plaintiff, and Approve Co-Lead Counsel

under the Exchange Act. 15 U.S.C. § 78u-4(a)(3). Under the PSLRA, the court shall appoint as lead plaintiff "the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members," also referred to as the "most adequate plaintiff." *Id.* at § 78u-4(a)(3)(B)(i).

The PSLRA "provides a simple three-step process for identifying the lead plaintiff." *Cavanaugh*, 306 F.3d at 729. First, the pendency of the action, the claims made, and the purported class period must be publicized in a "widely circulated national business-oriented publication or wire service." *Id.* (citing 15 U.S.C. § 78u-4(a)(3)(A)(i)). This notice must be published within 20 days of the filing of the complaint. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). It must also alert members of the purported class that they have 60 days to move for appointment as lead plaintiff. *See id.* at 78u-4(a)(3)(A)(i)(II).

Second, the court must identify the presumptive lead plaintiff. To do so, the court "must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit." *Cavanaugh*, 306 F.3d at 730. In calculating financial stakes, "the court may select accounting methods that are both rational and consistently applied." *Id.* at 730 n.4; *Mehedi v. View, Inc.*, No. 21-CV-06374-BLF, 2022 WL 377406, at *3 (N.D. Cal. Feb. 8, 2022), *writ of mandamus denied sub nom*, *In re Sonthalia*, No. 22-70044, 2022 WL 3445815 (9th Cir. Aug. 17, 2022) (upholding lower court's methodology and ruling). The court must then determine whether the individual with the largest financial stake, "based on the information [she] has provided in [his] pleadings and declarations," satisfies the requirements of Rule 23(a), "in particular those of 'typicality' and 'adequacy.'" *Cavanaugh*, 306 F.3d at at 730. If the plaintiff with the largest financial interest satisfies these requirements, she or she becomes the "presumptively most adequate plaintiff." *Id.*; *see also* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Finally, the other plaintiffs must have "an opportunity to rebut the presumptive lead plaintiff's showing that [he or she] satisfies Rule 23's typicality and adequacy requirements." *Cavanaugh*, 306 F.3d at 730. Unless a member of the purported plaintiff class provides proof that the presumptive plaintiff "(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing

the class," the court must appoint the presumptively most adequate plaintiff as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Cavanaugh*, 306 F.3d at 741.

As set forth in the Notice, class members may move to be appointed lead plaintiff for the Related Actions by August 25, 2025. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II); *see also* Civ. L.R. 23-1(b). Under the PSLRA's provisions, and within the requisite time frame after publication of the Notice, Ms. Guo timely moves this Court to be appointed lead plaintiff on behalf of the Class.

### 1.   Ms. Guo has the Largest Financial Interest

Ms. Guo suffered substantial losses of $11,305.68 as a result of purchasing Hims shares at artificially inflated prices.[4] *See* King Decl., Exhs. 3, 4. Ms. Guo is not aware of any other movant with a larger financial interest, believes she has the largest financial interest of any lead plaintiff movant, and therefore believes she is presumptively entitled to appointment as lead plaintiff.

### 2.   Ms. Guo Satisfies Rule 23

The PSLRA provides that the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

(1)   the class is so numerous that joinder of all members is impracticable;

(2)   there are questions of law or fact common to the class;

(3)   the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4)   the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

---

[4] Because Ms. Guo has retained the shares she purchased during the Class Period, in accordance with the PSLRA, Ms. Guo's loss will be calculated using the "difference between the purchase… price paid… for the subject security [Hims stock] and the mean trading price of that security during the 90-day period" 15 U.S.C. § 78u-4(e). As fewer than 90 days have passed since the corrective disclosure, Movant has used the closing prices from the end of the Class period through August 25, 2025 to calculate the mean trading price of Hims stock.

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representatives. *Siegall v. Tibco Software, Inc.*, No. C 05-2146 SBA, 2006 WL 1050173, at *5 (N.D. Cal. Feb. 24, 2006) ("In the context of determining the appropriate lead plaintiff under the PSLRA, the requirements of 'typicality' and adequacy of representation are the key factors.") (citations omitted). Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a) and defer examination of the remaining requirements until the appointed lead plaintiff moves for class certification. *See Cavanaugh*, 306 F.3d at 730; *Richardson v. TVIA, Inc.*, No. C 06 6304 RMW, 2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007); *see also Greene v. Granite Constr. Inc.*, No. C 19-04744 WHA, 2019 WL 6327229, at *2 (N.D. Cal. Nov. 26, 2019). As detailed below, Ms. Guo satisfies the typicality and adequacy requirements of Rule 23(a), thereby justifying her appointment as Lead Plaintiff on behalf of the Class.

### a.    Ms. Guo's Claims are Typical

Under Rule 23(a)(3), "[t]he test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (internal citation and quotation omitted); *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998) ("[R]epresentative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical."); *Greene*, 2019 WL 6327229, at *2; *Richardson*, 2007 WL 1129344, at *4.

The claims asserted by Ms. Guo are based on the same legal theory and arise out of the same course of events as the other purported Class members' claims. Ms. Guo purchased Hims securities during the Class Period, as did each member of the Class, at prices artificially inflated or otherwise manipulated by Defendants' untrue statements of material fact and material omissions and was damaged thereby. Thus, Ms. Guo satisfies the typicality requirement of Rule 23(a). Ms. Guo resides in Florida. She has obtained degrees in biology and medicine and is employed as a pharmaceutical consultant. King Decl., Exh. 5 (Guo Declaration), ¶ 3.

### b.   Ms. Guo is Adequate

The adequacy requirement of Rule 23(a) is met when the prospective lead plaintiff has selected qualified, experienced counsel and there are no "conflicts between the representative and class interests." *Richardson*, 2007 WL 1129344, at *4; *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003); *Luna v. Marvell Tech. Grp. Ltd*, No. 15-cv-05447-RMW, 2016 WL 469422, at *3 (N.D. Cal. Feb. 8, 2016). Here, Ms. Guo's interests are aligned with the members of the proposed Class, and there is no evidence of any antagonism between Ms. Guo's interests and those of the proposed Class. As detailed above, Ms. Guo's claims raise similar questions of law and fact as claims of the members of the Class, and Ms. Guo's claims are typical of the members of the Class.

Further, Ms. Guo has demonstrated her adequacy and willingness to serve as and assume lead plaintiff responsibilities. The signed Certification of Ms. Guo and her Declaration evidence her understanding of the duties she owes to the Class and her commitment to monitor this class action and oversee counsel. *See* King Decl., Exhs. 3, 5. This evidence demonstrates that Ms. Guo accepts the fiduciary obligations she will assume if appointed lead plaintiff in this action. *Id. See also* King Decl., Exh. 5 (Guo Declaration) ¶ 5.

Finally, Ms. Guo has selected Kaplan Fox and Stone Law—counsel that are highly experienced in prosecuting complex securities class actions—to represent her. *See* King Decl., Exhs. 6 and 7. The close alignment of interests between Ms. Guo and other members of the Class, and her strong desire to prosecute this action on behalf of the Class, provide ample reason to grant Ms. Guo's motion for appointment as lead plaintiff on behalf of the Class. Accordingly, Ms. Guo satisfies the prerequisites for appointment as lead plaintiff under the Exchange Act.

### 3.   This Court Should Approve Ms. Guo's Selection of Counsel

The Exchange Act vests authority in the lead plaintiff to select and retain lead counsel, subject only to court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Cavanaugh*, 306 F.3d at 732 n.11. Thus, "if the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice." *Cohen v. U.S. Dist. Court for N. Dist. of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009) (citation omitted). Ms. Guo has retained Kaplan Fox and Stone Law to file a lead plaintiff motion, and to serve as co-lead counsel to pursue this litigation on behalf of herself and

- 10 -   Case Nos. 3:25-cv-05315-JD & 3:25-cv-05321-JD

No. of Mo., Mo. & MPA iso Mo. to Consolidate, Appt. Lead Plaintiff, and Approve Co-Lead Counsel

the proposed Class. Kaplan Fox and Stone Law possess extensive experience in the area of securities litigation and have successfully prosecuted numerous securities class actions on behalf of injured investors. *See* King Decl., Exhs. 6 and 7. Thus, the Court may be assured that, in the event the instant motion is granted, the members of the Class will receive the highest caliber of legal representation available.

## IV.     CONCLUSION

For all of the foregoing reasons, Ms. Guo respectfully requests that the Court grant her motion and: (1) consolidate the Related Actions under Rule 42; (2) appoint her lead plaintiff; (3) approve her choice of Kaplan Fox and Stone Law as co-lead counsel; and (4) grant such other relief as the Court may deem just and proper.

DATED: August 25, 2025

Respectfully submitted,

**KAPLAN FOX & KILSHEIMER LLP**

By: */s/ Laurence D. King*
           Laurence D. King

Laurence D. King (SBN 206423)
1999 Harrison Street, Suite 1501
Oakland, CA 94612
T: 415-772-4700
F: 415-772-4707
*lking@kaplanfox.com*

Peter S. Linden (*pro hac vice* to be filed)
**KAPLAN FOX & KILSHEIMER LLP**
800 Third Avenue, 38th Floor
New York, NY 10022
T: 212-687-1980
F: 212-687-7714
*plinden@kaplanfox.com*

and

Richard L. Stone (*pro hac vice* to be filed)
**LAW OFFICES OF RICHARD L. STONE, PLLC**
11 East 44th Street, Suite 1001
New York, NY 10017
T: (561) 358-4800
*rstoneesq@rstoneesq.com*

*Counsel for Movant Daihong Guo and Proposed Co-Lead Counsel for the Proposed Class*