**SAXENA WHITE P.A.**
David R. Kaplan (SBN 230144)
505 Lomas Santa Fe Drive, Suite 180
Solana Beach, CA 92075
Tel.: (858) 997-0860
Fax: (858) 369-0096
dkaplan@saxenawhite.com

*Counsel for Proposed Lead Plaintiff Shuo-Hsien Wang, and Proposed Lead Counsel for the Class*

*[Additional Counsel on Signature Page]*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| MICHAEL SOOKDEO, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> HIMS & HERS HEALTH, INC., ANDREW DUDUM, and OLUYEMI OKUPE, <br><br> Defendants. | No. 3:25-cv-05315-JD <br><br> **CLASS ACTION** <br><br> **MEMORANDUM OF LAW IN FURTHER SIUPPORT OF THE MOTION OF SHUO-HSIEN WANG FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL, AND IN OPPOSITION TO THE COMPETING MOTIONS** <br><br> DATE: October 2, 2025 <br> TIME: 10:00 a.m. <br> COURTROOM: 11, 19th Floor <br> JUDGE: Hon. James Donato |

ARA YAGHSIZIAN, individually and on behalf of all others similarly situated,

Plaintiff,

v.

HIMS & HERS HEALTH, INC., ANDREW DUDUM and OLUYEMI OKUPE,

Defendants.

No. 3:25-cv-05321-JD

## **TABLE OF CONTENTS**

I.      INTRODUCTION ........................................................................................................... 1

II.     STATEMENT OF THE ISSUES TO BE DECIDED......................................................... 1

IV.     ARGUMENT .................................................................................................................. 2

        A.      Shuo-Hsien Wang's Motion Should Be Granted...................................................... 2

                1.      Shuo-Hsien Wang Has the Largest Financial Interest ............................... 3

                2.      Shuo-Hsien Wang Clearly Satisfies Rule 23's Requirements ................... 4

                3.      The Presumption in Favor of Appointing Shuo-Hsien Wang as
                        Lead Plaintiff Cannot Be Rebutted ............................................................ 5

        B.      The Court Should Approve Shuo-Hsien Wang's Selection of Lead Counsel ........ 6

V.      CONCLUSION ............................................................................................................... 7

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Freudenberg v. E\*Trade Fin. Corp.*,
  No. 07-cv-8538, 2008 WL 2876373 (S.D.N.Y. July 16, 2008) ................................................... 5

*Hall v. Medicis Pharm. Corp.*,
  No. 08-cv-1821, 2009 WL 648626 (D. Ariz. Mar. 11, 2009) .................................................... 5

*Hayes v. Enphase Energy, Inc.*,
  No. 24-cv-4249-JD, 2025 WL 986469 (N.D. Cal. Mar. 21, 2025) ......................................... 3, 5

*In re Cavanaugh*,
  306 F.3d 726 (9th Cir. 2002) ......................................................................................... 1, 2, 3, 6

*In re Crocs, Inc. Sec. Litig.*,
  No. 07-cv-2351, 2008 WL 4298316 (D. Colo. Sept. 17, 2008) .................................................. 5

*In re Juniper Networks, Inc. Sec. Litig.*,
  264 F.R.D. 584 (N.D. Cal. 2009) ............................................................................................... 5

*In re SVB Fin. Grp. Sec. Litig.*,
  No. 23-cv-1097-JD, 2023 WL 8367938 (N.D. Cal. Nov. 30, 2023) ....................................... 3, 5

*Ishita Das v. Unity Software, Inc.*,
  No. 22-cv-3962, 2024 WL 1141733 (N.D. Cal. Mar. 15, 2024) .................................................. 3

*Perez v. HEXO Corp.*,
  No. 19-cv-10965, 2020 WL 905753 (S.D.N.Y. Feb. 25, 2020) .................................................. 6

*Sanders v. VeriFone Sys., Inc.*,
  No. 13-cv-1038, 2013 WL 5550435 (N.D. Cal. Oct. 7, 2013) ................................................... 3

*Schoen v. Eiger Biopharmaceuticals, Inc.*,
  No. 22-cv-6985, 2023 WL 1769192 (N.D. Cal. Feb. 3, 2023) ................................................... 2

*Shankar v. Zymergen Inc.*,
  No. 21-cv-6028-JD, 2021 WL 12257357 (N.D. Cal. Dec. 20, 2021) ......................................... 5

*Strezsak v. Ardelyx, Inc.*,
  No. 21-cv-6228, 2022 WL 2817590 (N.D. Cal. July 19, 2022) ............................................... 3, 4

*Welgus v. Trinet Grp., Inc.*,
  No. 15-cv-3625, 2015 WL 7770222 (N.D. Cal. Dec. 3, 2015) .................................................. 4

**Statutes**

15 U.S.C. § 78u-4(a)(3)(B) .................................................................................................... *passim*

Shuo-Hsien Wang respectfully submits this memorandum of points and authorities in further support of his motion for appointment as Lead Plaintiff (ECF No.37), and in opposition to the competing motions filed by Lai Family Trust and James A. Schalter.[1] *See* ECF Nos. 12, 21.

## I. INTRODUCTION

The filings above make clear that Shuo-Hsien Wang has the largest financial interest in the litigation and is presumptively the "most adequate plaintiff" pursuant to the PSLRA. Mr. Wang incurred a total loss on his Class Period purchases of Hims securities in excess of $560,000—a loss more than eight times larger than the loss claimed by the next largest movant and more than six times larger than the two other movants' claimed losses *combined*, as reflected below.

Shuo-Hsien Wang has established that he also satisfies Rule 23's typicality and adequacy requirements and will provide effective and vigorous representations to absent Class members. Mr. Wang has submitted a Declaration discussing his background and attesting to his understanding of the lead plaintiff's role under the PSLRA. ECF No. 37-5. Moreover, Shuo-Hsien Wang has chosen counsel with substantial experience successfully leading securities class actions in this District and throughout the country. *See In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002) ("So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, [plaintiff] is entitled to lead plaintiff status[.]").

The remaining movants have a significantly smaller financial interest than that of Mr. Wang, who has suffered the greatest financial loss. Accordingly, Mr. Wang should be appointed Lead Plaintiff, and the competing motions should be denied.

## II. STATEMENT OF THE ISSUES TO BE DECIDED

1. Whether Shuo-Hsien Wang should be appointed Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B) because he is the movant asserting the largest financial interest that also satisfies Rule 23's typicality and adequacy requirements and is not subject to unique defenses.

---

[1] Unless otherwise noted, capitalized, defined terms have the meanings ascribed in Mr. Wang's motion (ECF No. 37), all emphasis is added, and internal quotations and citations are omitted. The only competing movants are Lai Family Trust and James A. Schalter. The other movants filed notices of withdrawal or non-opposition. *See* ECF Nos. 46-50.

2.     Whether the Court should approve Shuo-Hsien Wang's selection of Saxena White as Lead Counsel for the Class pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

## IV.    ARGUMENT

### A.    SHUO-HSIEN WANG'S MOTION SHOULD BE GRANTED

Appointment of Shuo-Hsien Wang as Lead Plaintiff comports with the PSLRA's express provisions and Ninth Circuit precedent.  The PSLRA provides that courts "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. § 78u-4(a)(3)(B)(i).  In determining which movant is the most adequate plaintiff, the PSLRA instructs that "the court shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the [movant] that . . . in the determination of the court, has the largest financial interest in the relief sought by the class; and . . . otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

In *Cavanaugh*, the Ninth Circuit articulated the analysis district courts are to undertake in selecting the "presumptively most adequate plaintiff," finding that "it is neither overly complex nor ambiguous." 306 F.3d at 729-33.  First, "the district court must consider the losses allegedly suffered by the various plaintiffs" to determine which movant possesses the largest loss. *Id*. at 729-30.  After determining which movant has the largest loss, the Court "must then focus its attention on that plaintiff and determine, based on the information [the plaintiff] has provided in [its] pleadings and declarations, whether [it] satisfi[ed] the requirements of Rule 23(a)." *Id*. at 730.  Importantly, at the lead plaintiff stage, movants need only provide a "preliminary showing" of Rule 23's typicality and adequacy prongs. *See Schoen v. Eiger Biopharmaceuticals, Inc.*, No. 22-cv-6985, 2023 WL 1769192, at *2 (N.D. Cal. Feb. 3, 2023).  If the movant with the largest loss also satisfies Rule 23's requirements, that movant is the presumptive lead plaintiff. *See Cavanaugh*, 306 F.3d at 730.  The statutory presumption in favor of the plaintiff with the largest financial interest may be rebutted "only upon proof"—not speculation—"that the presumptively most adequate plaintiff . . . will not fairly and adequately protect the interests of the class; or . . . is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15

U.S.C. § 78u-4(a)(3)(B)(iii)(II).  No such proof can be offered against Shuo-Hsien Wang.

**1.    Shuo-Hsien Wang Has the Largest Financial Interest**

In *Cavanaugh*, the Ninth Circuit made clear that "the only basis on which a court may compare plaintiffs competing to serve as lead is the size of their financial stake in the controversy." 306 F.3d at 732 (emphasis in original).  Shuo-Hsien Wang has the largest financial interest in the relief sought by the Class by a wide margin.

In determining the movant with the largest financial interest, this Court identifies which of the movants has the largest claimed loss on a last-in, first out (LIFO) basis, an "accounting method that [is] both rational and consistently applied."  *See Hayes v. Enphase Energy, Inc.*, No. 24-cv-4249-JD, 2025 WL 986469, at *1-2 (N.D. Cal. Mar. 21, 2025) (noting the "primacy of the LIFO approach" in the Ninth Circuit, comparing competing movant losses, and finding that movant with the largest LIFO loss had the largest financial interest); *In re SVB Fin. Grp. Sec. Litig.*, No. 23-cv-1097-JD, 2023 WL 8367938, at *1-2 (N.D. Cal. Nov. 30, 2023) (same); s*ee also Strezsak v. Ardelyx, Inc.*, No. 21-cv-6228, 2022 WL 2817590, at *3 (N.D. Cal. July 19, 2022) (finding individual with the largest loss had "the most to gain from the lawsuit") (citing *Cavanaugh*,  306 F.3d at 730).

As set forth in the chart below, Mr. Wang has a substantially larger financial interest than all competing movants because he has suffered the largest loss as a result of his purchases in Hims securities.  Indeed, Mr. Wang has suffered a loss of $563,924, which is more than eight times larger than the claimed loss sustained by the next-largest competing movant and more than six times larger than the claimed losses sustained by both of the competing movants combined.[2]

---

[2] *See Ishita Das v. Unity Software, Inc.*, No. 22-cv-3962, 2024 WL 1141733, at *2 (N.D. Cal. Mar. 15, 2024) (highlighting presumptive lead plaintiff's loss "is nearly seven times the second largest financial interest"); *Sanders v. VeriFone Sys., Inc.*, No. 13-cv-1038, 2013 WL 5550435, at *3 (N.D. Cal. Oct. 7, 2013) (noting movant with "loss . . . nearly twice as [] large as the next closest movant, and in fact larger than the combined losses of all other movants" was the "presumptive most adequate plaintiff.").



Accordingly, Shuo-Hsien Wang "has the largest financial interest in the relief sought by the class" and is the presumptively "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 2.    Shuo-Hsien Wang Clearly Satisfies Rule 23's Requirements

Shuo-Hsien Wang is adequate because "no antagonism exists between [his] interests and those of other class members[,]" and he "will fairly and adequately protect the interests of the class." *Ardelyx, Inc.*, 2022 WL 2817590 at *3 (finding that lead plaintiff's "substantial financial stake in the outcome of this litigation, [his] timely filing of [his] motion, and the quality of [his] briefing all demonstrate that [he] is both motivated to, and capable of, vigorously pursuing this litigation."). As set forth in his Declaration, Mr. Wang's interests are clearly aligned with other members of the Class, there is no evidence of any conflicts, and Mr. Wang will vigorously prosecute this litigation through his chosen counsel, Saxena White (proposed Lead Counsel). ECF No. 37-5.

Mr. Wang's submissions also establish that his claims are typical of those of other Class members. Like other Class members, he suffered financial harm as a result of Defendants' public dissemination of false and misleading statements in violation of the Exchange Act—the same course of conduct that harmed the rest of the Class—and, like other Class members, he seeks to recover his monetary losses in Hims securities. *See Welgus v. Trinet Grp., Inc.*, No. 15-cv-3625, 2015 WL 7770222, at *3 (N.D. Cal. Dec. 3, 2015) (discussing the typicality requirement). Moreover, Mr. Wang's purchases in Defiance Daily Target 2X Long HIMS ETF are typical of the

Class because shares of such ETF are Hims securities, as the term "security" is "broadly defined in the Securities Exchange Act of 1934." *Freudenberg v. E\*Trade Fin. Corp.*, No. 07-cv-8538, 2008 WL 2876373, at \*6 (S.D.N.Y. July 16, 2008); *see also In re Crocs, Inc. Sec. Litig.*, No. 07-cv-2351, 2008 WL 4298316, at \*3 (D. Colo. Sept. 17, 2008) ("The term [']security['], as defined by the Exchange Act, is very broad, encompassing a wide range of financial instruments.") (alterations in the original). Indeed, "plaintiffs with a valid securities claim may represent the interests of purchasers of other types of securities in a class action where the alleged harm stems from the same allegedly improper conduct."[3] *In re Juniper Networks, Inc. Sec. Litig.*, 264 F.R.D. 584, 594 (N.D. Cal. 2009); *see also E\*Trade*, 2008 WL 2876373, at \*6 ("In light of the Securities Exchange Act's broad definition of [']security,['] courts have appointed as lead plaintiffs purchasers of a wide variety of financial instruments.") (alterations in the original).

Accordingly, Mr. Wang has demonstrated that he is entitled to the presumption that he is the most adequate lead plaintiff.

### 3. The Presumption in Favor of Appointing Shuo-Hsien Wang as Lead Plaintiff Cannot Be Rebutted

To overcome the strong presumption entitling Shuo-Hsien Wang to appointment as Lead Plaintiff, the PSLRA requires that the competing movant present "proof" that Mr. Wang is atypical or inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Enphase Energy, Inc.*, 2025 WL 986469, at \*2 (rebutting the presumptive lead plaintiff "requires evidence"); *In re SVB Fin. Grp. Sec. Litig.*, 2023 WL 8367938, at \*2 ("Competing movants must point to evidence of inadequacy."). No such proof exists. Consequently, because Mr. Wang is the presumptive Lead Plaintiff, the Court should deny the competing motions.[4] *See, e.g., Shankar v. Zymergen Inc.*, No. 21-cv-6028-JD,

---

[3] Where, as here, the class is defined broadly to include persons and entities that purchased or otherwise acquired securities—not common stock (*see* ECF No. 1, ¶ 1)—courts routinely appoint purchasers of securities *other* than common stock to represent the interests of the entire class. *See Hall v. Medicis Pharm. Corp.*, No. 08-cv-1821, 2009 WL 648626, at \*4-6 (D. Ariz. Mar. 11, 2009) (appointing an options purchaser to represent the interests of common stock purchasers); *E\*Trade*, 2008 WL 2876373, at \*8 (appointing a purchaser of contracts for difference as lead plaintiff).

[4] In addition to claiming a nearly half-million-dollar smaller loss than Mr. Wang, competing movant Lai Family Trust failed to establish its prima facie adequacy under Rule 23. Specifically, Lai Family Trust did not submit a sworn declaration to the Court that sets forth basic background information regarding Lai Family Trust, its decision-making mechanisms, nor how Lai Family

*Footnote continued on next page*

2021 WL 12257357, at *1 (N.D. Cal. Dec. 20, 2021) (appointing presumptive lead plaintiff when it was "not disputed that [presumptive lead plaintiff] possessed the largest financial interest" and no other movant "presented evidence disputing" his prima facie showing of the requirements of Rule 23).

### B.    THE COURT SHOULD APPROVE SHUO-HSIEN WANG'S SELECTION OF LEAD COUNSEL

The PSLRA grants the Lead Plaintiff with the power to select and retain counsel for the Class, subject to the Court's approval. "While the appointment of counsel is made subject to the approval of the court, the Reform Act clearly leaves the choice of class counsel in the hands of the lead plaintiff." *Cavanaugh*, 306 F.3d at 734. The Court should not disrupt the Lead Plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Mr. Wang has selected Saxena White as proposed Lead Counsel for the Class. Saxena White is among the preeminent securities class action law firms in the country and has achieved substantial recoveries on behalf of investors in securities class actions and has obtained groundbreaking corporate governance reforms. *See* ECF No. 37-6. Saxena White has a long history of successfully prosecuting federal securities class actions, including achieving substantial recoveries in cases litigated in this District, and is eminently qualified to represent the Class in this action. *See* ECF No. 37 at 9-10.

Accordingly, the Court should approve Shuo-Hsien Wang's selection of Saxena White as Lead Counsel for the Class.

---

Trust came to retain its counsel. *See Perez v. HEXO Corp.*, No. 19-cv-10965, 2020 WL 905753, at *3 (S.D.N.Y. Feb. 25, 2020) (finding plaintiff who failed to provide necessary information about himself in his preliminary motion unable to make a prima facie showing of adequacy under Rule 23). Counsel for Lai Family Trust represented that Willy Lai is "individually authorized to act on behalf of" Lai Family Trust, ECF No. 12 at 8-9, but Willy Lai himself has not provided *any* sworn statements about Lai Family Trust. This subjects the Class to unnecessary risks, including, for example, the risk that other individuals or entities may control, in whole or in part, Lai Family Trust. Any attempt to remedy these concerns about Lai Family Trust's adequacy through the filing of a declaration after the August 25, 2025 Lead Plaintiff deadline should be rejected as untimely. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii). The Court should also reject the competing motion of James A. Schalter, who—with a claimed loss of $27,195, more than half a million dollars less than Mr. Wang—lacks the greatest financial interest in the relief sought by the Class. *See* ECF No. 21 at 6.

## V.   CONCLUSION

The PSLRA has established that the investor with the largest financial interest that also satisfies the requirements of Rule 23 is entitled to the most adequate plaintiff presumption.  The remaining movants do not possess the largest financial interest and, therefore, cannot trigger the presumption and cannot rebut with proof the presumption that Shuo-Hsien Wang is the most adequate plaintiff.  Accordingly, Mr. Wang respectfully submits that his motion should be granted, and the remaining motions should be denied.

Dated:  September 8, 2025                          Respectfully submitted,

                                                  /s/ David R. Kaplan

                                                  **SAXENA WHITE P.A.**
                                                  David R Kaplan (SBN 230144)
                                                  505 Lomas Santa Fe Drive, Suite 180
                                                  Solana Beach, CA 92075
                                                  Tel.: (858) 997-0860
                                                  Fax: (858) 369-0096
                                                  dkaplan@saxenawhite.com

                                                  Lester R. Hooker (SBN 241590)
                                                  7777 Glades Road, Suite 300
                                                  Boca Raton, FL 33434
                                                  Tel.: (561) 394-3399
                                                  Fax: (561) 394-3382
                                                  lhooker@saxenawhite.com

                                                  Marco A. Dueñas (*pro hac vice* forthcoming)
                                                  10 Bank Street, Suite 882
                                                  White Plains, NY 10606
                                                  Tel.: (914) 437-8551
                                                  Fax: (888) 631-3611
                                                  mduenas@saxenawhite.com

                                                  *Counsel for Proposed Lead Plaintiff Shuo-Hsien Wang, and Proposed Lead Counsel for the Class*

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on September 8, 2025, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel or parties of record.

/s/ David R. Kaplan
David R. Kaplan

OPP'N MEM. ISO OF S. WANG'S
MOT. FOR APP'T AS LEAD PLAINTIFF
CASE NO. 3:25-cv-05315-JD