**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
1160 Battery Street East, Suite 100
San Francisco, CA 94111
Tel: (415) 373-1671
Email: aapton@zlk.com

*Attorneys for Movant Lai Family Trust*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SOOKDEO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>HIMS & HERS HEALTH, INC., ANDREW DUDUM, and OLUYEMI OKUPE,<br><br>Defendants. | Case No.: 3:25-cv-05315-JD<br><br>**LAI FAMILY TRUST'S MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY AND FURTHER SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF**<br><br>Date:  October 2, 2025<br>Time:  10:00 a.m.<br>Courtroom:  11-19th Floor<br>Judge:  Hon. James Donato |
| ARA YAGHSIZIAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HIMS & HERS HEALTH, INC., ANDREW DUDUM and OLUYEMI OKUPE,<br><br>Defendants. | Case No.: 5:25-cv-05321-JD |

**TABLE OF CONTENTS**

I.      INTRODUCTION ...................................................................................................... 1

II.     ARGUMENT .............................................................................................................. 2

        A.      Movant Shuo-Hsien Wang Does Not Explain How Investing in the "Defiance Daily Target 2X Long HIMS ETF" Makes Him Typical of Other Class Members or Otherwise Capable of Adequately Representing the Class............................................... 2

        B.      Movant Schalter's Argument Against the Lai Family Trust Is Meritless....................... 4

III.    CONCLUSION ............................................................................................................ 6

LAI FAMILY TRUST'S MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY AND FURTHER SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF

**TABLE OF AUTHORITIES**

**Cases**

*In re ADVANCED TISSUE Scis. Sec. Litig. v. ADVANCED TISSUE Scis., INC.*,
    184 F.R.D. 346 (S.D. Cal. 1998) ................................................................................................6

*In re B. Riley Financial, Inc. Sec. Litig.*,
    No. 2:24-cv-00662-SPG-AJR, 2024 U.S. Dist. LEXIS 236720 (C.D. Cal. Feb. 4,
    2025) ........................................................................................................................................4

*Bailey v. Patterson*,
    369 U.S. 31 (1962)....................................................................................................................2

*Banerjee v. Avinger, Inc.*,
    No. 17-cv-03400-CW, 2017 U.S. Dist. LEXIS 168540 (N.D. Cal. Oct. 11, 2017)...............6

*California Ironworkers Field Pension Trust Scheller v. Nutanix, Inc.*,
    No. 19-CV-01651-WHO, 2021 U.S. Dist. LEXIS 112372 (N.D. Cal. June 10,
    2021) ........................................................................................................................................4

*Chun Huang v. Canntrust Holdings Inc.*,
    No. 19-CV-6396 (JPO), 2020 WL 9077513 (S.D.N.Y. Apr. 16, 2020) ...................................6

*In re Crocs, Inc.*,
    2008 U.S. Dist. LEXIS 87524 (D. Colo. Sep. 17, 2008) ........................................................3

*Curry v. Yelp Inc.*,
    No. 14-CV-03547-JST, 2014 U.S. Dist. LEXIS 161042 (N.D. Cal. Nov. 17, 2014)...............5

*Freudenberg v. E\*Trade Fin. Corp.*,
    No. 07-cv-08538, 2008 U.S. Dist. LEXIS 62767, 2008 U.S. Dist. LEXIS 62767
    (S.D.N.Y. July 16, 2008) ........................................................................................................3

*In re IPO Sec. Litig,.*
    227 F.R.D. 65 (S.D.N.Y. 2004) ...............................................................................................6

*In re Juniper Networks Sec. Litig.*,
    264 F.R.D. 584, 594 (N.D. Cal. 2009)....................................................................................4

*Kusen v. Herbert*,
    No. 23-cv-02940-AMO, 2023 U.S. Dist. LEXIS 209945 (N.D. Cal. Nov. 24, 2023)...........6

*Liles v. SoundHound AI, Inc.*,
    No. 25-CV-02915-RFL, 2025 WL 1937541 (N.D. Cal. July 14, 2025)....................................4

*Nurlybaev v. ZTO Express (Cayman) Inc.*,
    No. 17CV06130LTSSN, 2017 U.S. Dist. LEXIS 187238 (S.D.N.Y. Nov. 13, 2017) .............5

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. on behalf of Wells Fargo & Co.*
    *v. Stumpf*,
    No. C 11-2369 SI, 2011 U.S. Dist. LEXIS 86421 (N.D. Cal. Aug. 3, 2011) .........................5

*In re Regions Morgan Keegan Closed End Fund Litig.*,
    No. 07–02830, 2010 WL 5173851 (W.D. Tenn. Dec. 15, 2010) ............................................6

LAI FAMILY TRUST'S MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY AND FURTHER SUPPORT
OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF

*Ruckel v. Ford Motor Co.*,
No. 17-CV-13536, 2018 U.S. Dist. LEXIS 19656 (E.D. Mich. Feb. 7, 2018).................................4

*Shelby Twp. Police & Fire Ret. Sys. v. Celsius Holdings, Inc.*,
No. 24-CV-81472, 2025 U.S. Dist. LEXIS 37307 (S.D. Fla. Mar. 3, 2025)..................................4

*In re SLM Corp. Sec. Litig.*,
No. 08 Civ. 1029 (WHP), 2012 U.S. Dist. LEXIS 8158 (S.D.N.Y. Jan. 24, 2012) .......................5

*In re SolarCity Corp. Sec. Litig.*,
No. 16-CV-04686-LHK, 2017 U.S. Dist. LEXIS 11553 (N.D. Cal. Jan. 25, 2017) .......................6

*Twitchell v. Enovix Corp.*,
No. 23-cv-00071-SI, et al., 2023 WL 3170044 (N.D. Cal. Apr. 28, 2023) ...................................6

*In re Williams Sec., Litig.*,
C.A. No. 02-CV-72-H(M), 2002 U.S. Dist. LEXIS 29738 (N.D. Okla. July 8,
2002) ........................................................................................................................................5

**Statutes**

15 U.S.C. §78c(a)(10) ................................................................................................................2

## I. INTRODUCTION

The Lai Family Trust should be appointed as the lead plaintiff in this securities fraud class action litigation. The PSLRA instructs that the movant with the "largest financial interest" that is otherwise typical and adequate is the presumptive lead plaintiff. This presumption can only be rebutted with "proof" of atypicality or an inability to adequately represent the class. 15 U.S.C. §78u-4(a)(3)(B)(iii)(II). The Lai Family Trust meets both of those requirements and none of the other movants has raised anything close to the level of "proof" necessary to rebut the presumption currently in its favor.

As previously explained in opposition, Shuo-Hsien Wang sustained a greater loss than the Lai Family Trust but this loss comes from his investment in an unrelated Exchange-Traded Fund (ETF) named the "Defiance Daily Target 2X Long HIMS ETF" which consisted of complex derivative instruments and almost no shares of Hims common stock (if any at all). The ETF's sponsor, DEFIANCE ETFs, explicitly told investors that purchases in the ETF were *not* purchases in Hims common stock and that they could lose the entirety of their investments even if Hims stock stayed level or increased for periods longer than a day. Wang has not, and cannot, make any convincing argument showing that he is typical of the majority of Hims investors or otherwise not subject to unique defenses if entrusted to lead this case. For these reasons, he cannot be appointed as the lead plaintiff.

This leaves the Lai Family Trust with the "largest financial interest" in the action and consequently the presumptive lead plaintiff. With approximately $66,570 in losses, the Lai Family Trust lost more than twice that of the movant with the next largest financial interest, James Schalter. Schalter, for his part, attempts to rebut the Lai Family Trust's lead plaintiff presumption by questioning whether its motion should have been styled differently by filing it on behalf of Willy Lai as Trustee instead of the Lia Family Trust with Willy Lai as its authorized representative. Case law and common practice though suggest that Schalter's argument has no merit. Dozens of cases have been filed or pursued by trusts and the certifications in those cases are substantively identical to the one filed here by Willy Lai and the Lai Family Trust. Simply put, Schalter's argument is misguided and insufficient to rebut the Lai Family Trust's status as the presumptive lead plaintiff.

## II.    ARGUMENT

### A.    Movant Shuo-Hsien Wang Does Not Explain How Investing in the "Defiance Daily Target 2X Long HIMS ETF" Makes Him Typical of Other Class Members or Otherwise Capable of Adequately Representing the Class.

Movant Wang devotes barely any space at all to addressing the elephant in the room. Even though the "Defiance Daily Target 2X Long HIMS ETF" is very different than Hims common stock (and, in fact, consists of few if any Hims shares at all), Wang writes only that his "purchases in Defiance Daily Target 2X Long HIMS ETF are typical of the Class because shares of such ETF are Hims securities, as the term 'security' is 'broadly defined in the Securities Exchange Act of 1934.'" ECF No. 54, p. 4:28-5:2. That alone does not bridge the gap that exists between Wang's ETF purchases and the common stock purchases made by the Class. While "security" may be defined "broadly" under the Exchange Act (15 U.S.C. §78c(a)(10)), this case is limited to "persons and entities that purchased or otherwise acquired *Hims* securities." *See* ECF No. 1 at 1 (emphasis added). Thus, in Wang's case, the breadth of the term "security" does not help him because he purchased a "security" not from Hims but instead from an entirely different entity named DEFIANCE ETFs. *See* ECF No. 53-2 (ETF prospectus). Wang is *not* a member of the Class and therefore "cannot represent a class of whom they are not a part." *Bailey v. Patterson*, 369 U.S. 31, 32-33 (1962).

Wang knows this but appears to be arguing that his ETF purchases should somehow be considered "close enough" to Hims common stock to qualify. Even so, Wang would still be unable to lead the class because he is too atypical and subject to too many unique defenses. As previously argued, the "Defiance Daily Target 2X Long HIMS ETF" posed risks above and beyond those associated with ordinary purchases of Hims common stock. Chief among them was the one that warned:

> The Fund is not intended to be used by, and is not appropriate for, investors who do not intend to actively monitor and manage their portfolios. ***For periods longer than a single day, the Fund will lose money if the Underlying Security's performance is flat, and it is possible that the Fund will lose money even if the Underlying Security's performance increases over a period longer than a single day***. An investor could lose the full principal value of his/her investment within a single day.

ECF No. 51-2, p. 3 (Defiance ETFs LLC's HIMZ Webpage) (emphasis added). Thus, given how the

LAI FAMILY TRUST'S MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY AND FURTHER SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF

ETF worked relative to the market for Hims common stock, it is plainly clear that Wang's investment strategy was not typical of most long-term Hims investors. Indeed, Wang makes no attempt at explaining how he can be typical of the class when the vast majority of the class would have been perfectly pleased if Hims common stock "increase[d] over a period longer than a single day." *See id*. The intricacy of the derivatives within the ETF are too foreign in this instance to be considered "close enough" to Hims common stock.

Even the cases cited by Wang illustrate the dissimilarity between his investment and Hims common stock. Specifically, both *Freudenberg v. E*Trade Fin. Corp.*, 2008 U.S. Dist. LEXIS 62767 (S.D.N.Y. July 16, 2008), and *In re Crocs, Inc.*, 2008 U.S. Dist. LEXIS 87524 (D. Colo. Sep. 17, 2008), involved "contracts-for-difference." While "contracts-for-difference" are certainly not popular investment devices and often do not appear in these sorts of cases, they are very closely tied to the underlying securities (common stock). "CFD purchasers acquire the future price movement of the underlying company's common stock (positive or negative) without taking formal ownership of the underlying shares. . . . [T]he purchase and sale prices of CFDs are alleged to be identical to the prices quoted for shares of the underlying company's common stock on the public securities exchange. In advance of pricing the CFDs, actual matching shares of the underlying common stock are purchased or sold by the broker on the public securities exchange on which the common stock normally trades." *Freudenberg*, 2008 U.S. Dist. LEXIS 62767, at *19-20. Thus, CFDs, while unique in their own right, are pegged directly to the market for the underlying security unlike the ETF purchased by Wang in this case, which was liable to move in directions sometimes opposite to the movement of Hims common stock. *See* ECF No. 51-2 at p. 3. Holders of CFDs also enjoy the same or similar rights of common stockholders, such as voting rights and dividends, thereby further strengthening their link with/to the underlying stock. *Freudenberg*, 2008 U.S. Dist. LEXIS 62767, at *20. No such link exists between the

LAI FAMILY TRUST'S MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY AND FURTHER SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF

"Defiance Daily Target 2X Long HIMS ETF" and Hims common stock.[1]

**B.       Movant Schalter's Argument Against the Lai Family Trust Is Meritless.**

Movant James Schalter opposes the Lai Family Trust's motion on a technical basis, claiming that the motion should have been filed by Willy Lai as the Trust's Trustee and not the Trust itself. This argument is not supported by the case law and is contrary to common practice in PSLRA cases.

The following list provides just a small representative example of cases showing that the Lai Family Trust can (and should) be appointed as the lead plaintiff. In each case, the court appointed a "trust" to serve as the lead plaintiff. These cases involved counsel from a variety of different firms and come from jurisdictions with significant experience in the realm of PSLRA lead plaintiff proceedings, including the Northern District of California and the Southern District of New York:

- *Liles v. SoundHound AI, Inc.*, No. 25-CV-02915-RFL, 2025 WL 1937541, at *1 (N.D. Cal. July 14, 2025) (court appointed St. John Family Trust as a lead plaintiff);

- *Shelby Twp. Police & Fire Ret. Sys. v. Celsius Holdings, Inc.*, No. 24-CV-81472, 2025 U.S. Dist. LEXIS 37307 (S.D. Fla. Mar. 3, 2025) (court appointed Zarabi Family Trust to serve as lead plaintiff);

- *In re B. Riley Financial, Inc. Sec. Litig.*, No. 2:24-cv-00662-SPG-AJR, 2024 U.S. Dist. LEXIS 236720 (C.D. Cal. Feb. 4, 2025) (court appointed KL Kamholz Joint Revocable Trust to serve as the lead plaintiff);

- *California Ironworkers Field Pension Trust Scheller v. Nutanix, Inc.*, No. 19-CV-01651-WHO, 2021 U.S. Dist. LEXIS 112372 (N.D. Cal. June 10, 2021) (court appointed California Ironworks Field Pension Trust to serve as lead plaintiff);

- *Ruckel v. Ford Motor Co.*, No. 17-CV-13536, 2018 U.S. Dist. LEXIS 19656, at *7 (E.D. Mich. Feb. 7, 2018) (court appointed William T. Higgs Trust and the November Family

---

[1] Wang's third and final authority is *In re Juniper Networks Sec. Litig.*, 264 F.R.D. 584, 594 (N.D. Cal. 2009), which allowed a shareholder to represent note holders at class certification. The issue in *Juniper Networks* was whether a shareholder class representative had standing to represent note holders where the claims for both arose from false financial statements (and not anything unique to the registration statement underlying the notes). Thus, the court did not have to examine extraordinary typicality concerns or unique defenses like those present here.

LAI FAMILY TRUST'S MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY AND FURTHER SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF

Trust DD 5/5/1983 to serve as lead plaintiffs);

- *Nurlybaev v. ZTO Express (Cayman) Inc.*, No. 17CV06130LTSSN, 2017 U.S. Dist. LEXIS 187238, at *2 (S.D.N.Y. Nov. 13, 2017) (court appointed Wong Family Trusts to serve as lead plaintiff);

- *Curry v. Yelp Inc.*, No. 14-CV-03547-JST, 2014 U.S. Dist. LEXIS 161042, at *4 (N.D. Cal. Nov. 17, 2014) (court appointed City of Miami Fire Fighters' and Police Officers' Retirement Trust to serve as lead plaintiff); and

- *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. on behalf of Wells Fargo & Co. v. Stumpf*, No. C 11-2369 SI, 2011 U.S. Dist. LEXIS 86421 (N.D. Cal. Aug. 3, 2011) (plaintiff "Pirelli Armstrong Tire Corporation Retiree Medical Benefits Trust" filed suit and served as a lead plaintiff).

*See* Apton Supp. Decl., Exhs. A-H (certifications signed by individuals on behalf of trusts). Counsel compiled this list in just over an hour's time. Thus, while Schalter claims to disagree over whom the movant should technically be, the case law and common practice show that the Lai Family Trust was and is the proper movant.

All of the aforementioned cases involve movants that were trusts, and ultimately appointed lead plaintiffs. There is no reason why the Lai Family Trust's motion should be treated differently. However, even if the trustee, Willy Lai, should have signed a certification individually rather than on behalf of the Lai Family Trust, the motion should not be denied. Prior to moving for lead plaintiff, Willy Lai also signed a certification individually. *See* Apton Supp. Decl., Exh. I (Willy Lai's individual certification). Thus, if anything, Schalter's argument boils down to a typographical error in how the motion was styled which does not amount to the sort of "proof" required to rebut the Lai Family Trust's status as the presumptive lead plaintiff. *See In re Williams Sec., Litig*., C.A. No. 02-CV-72-H(M), 2002 U.S. Dist. LEXIS 29738, at *33, n. 8 (N.D. Okla. July 8, 2002) ("The Court finds that the corrected errors in Mr. Meruelo's certification and loss calculation do not provide a sufficient basis for denying his motion to be appointed lead plaintiff."); *see also In re SLM Corp. Sec. Litig*., No. 08 Civ. 1029 (WHP), 2012 U.S. Dist. LEXIS 8158, at *24 (S.D.N.Y. Jan. 24, 2012) ("Courts routinely reject criticisms based on errors in certifications, particularly where there is no evidence of bad faith or intent to deceive the court or

5

LAI FAMILY TRUST'S MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY AND FURTHER SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF

the parties.") (citing *In re IPO Sec. Litig,.* 227 F.R.D. 65, 98 (S.D.N.Y. 2004)); "Multiple district courts have held that 'minor or inadvertent mistakes made in a sworn certification do not strike at the heart of Rule 23's adequacy requirement.'" *In re SolarCity Corp. Sec. Litig.,* No. 16-CV-04686-LHK, 2017 U.S. Dist. LEXIS 11553, at *18 (N.D. Cal. Jan. 25, 2017)*; see also Banerjee v. Avinger, Inc.*, No. 17-cv-03400-CW, 2017 U.S. Dist. LEXIS 168540, at *8 (N.D. Cal. Oct. 11, 2017) (concluding a "clerical error [wa]s not sufficient to prove that [lead plaintiffs] will not be adequate"); *In re ADVANCED TISSUE Scis. Sec. Litig. v. ADVANCED TISSUE Scis., INC.*, 184 F.R.D. 346, 351 n.12 (S.D. Cal. 1998) (determining "computational and typographical errors" were not "so substantial as to overcome the statutory presumption").

Finally, Schalter's footnoted argument about Willy Lai's authority to act on behalf of the Trust is equally unpersuasive. *See* ECF No. 53 at 7 n.6. Courts routinely accept representations of authority made in sworn certifications, thereby undermining Schalter's argument. *See Kusen v. Herbert*, No. 23-cv-02940-AMO, 2023 U.S. Dist. LEXIS 209945, at *26-27 (N.D. Cal. Nov. 24, 2023) ("credit[ing] these sworn declarations over arguments based on Singh's readings of a public corporate report and speculation of what 'substantial likelihoods' might arise in this case"); *see also Twitchell v. Enovix Corp.*, No. 23-cv-00071-SI, et al., 2023 WL 3170044, at *8 (N.D. Cal. Apr. 28, 2023) (rejecting challenge to certification signed by general counsel for movant's manager as "insufficient to rebut the presumption"); *Chun Huang v. Canntrust Holdings Inc.*, No. 19-CV-6396 (JPO), 2020 WL 9077513, at *3 n.2 (S.D.N.Y. Apr. 16, 2020) (rejecting challenge to signatory's authority as having "advanced no evidence"); *In re Regions Morgan Keegan Closed End Fund Litig.*, No. 07–02830, 2010 WL 5173851, at *8 (W.D. Tenn. Dec. 15, 2010) (concluding that "[n]o party has presented any evidence to cast doubt on [the signatory's] sworn declaration that he is the Managing Partner of the [movant's] general partner").

## III.    CONCLUSION

For the foregoing reasons, the Lai Family Trust respectfully requests that this Court: (1) consolidate the Actions; (2) appoint Lai Family Trust as Lead Plaintiff for the Class; (3) approve Levi & Korsinsky as Lead Counsel for the Class; and (4) grant such other and further relief as the Court may deem just and proper.

LAI FAMILY TRUST'S MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY AND FURTHER SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF

Dated: September 15, 2025                Respectfully submitted,

                                         **LEVI & KORSINSKY, LLP**
                                         _/s/ Adam M. Apton_
                                         Adam M. Apton (SBN 316506)
                                         1160 Battery Street East, Suite 100
                                         San Francisco, CA 94111
                                         Tel: (415) 373-1671
                                         Email: aapton@zlk.com

                                         _Attorneys for Lai Family Trust and Proposed Lead_
                                         _Counsel for the Class_

7

LAI FAMILY TRUST'S MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY AND FURTHER SUPPORT
OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF