EXHIBIT C

**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
44 Montgomery Street, Suite 650
San Francisco, CA 94104
Tel: (415) 291-2420
Email: aapton@zlk.com

*Attorneys for Movant Theodoros Vaskopulos*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM WICKS, individually and on behalf of all others similarly situated,<br><br>Plaintiff<br><br>vs.<br><br>ALPHABET, INC., LAWRENCE E. PAGE, SUNDAR PICHAI and RUTH M. PORAT,<br>Defendants. | No. 4:18-cv-06245-JSW<br><br>Hon. Jeffrey S. White<br><br>**MOTION OF THEODOROS VASKOPULOS FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL; MEMORANDUM AND POINTS OF AUTHORITIES**<br><br>Date: February 8, 2019<br>Time: 9:00 a.m.<br>Courtroom: 5-2nd Floor |
| KHALED EL MAWARDY, individually and on behalf of all others similarly situated,<br><br>Plaintiff<br><br>vs.<br><br>ALPHABET, INC., LAWRENCE E. PAGE, and RUTH PORAT,<br>Defendants. | No. 4:18-cv-07018-YGR<br><br>Hon. Yvonne Gonzalez Rogers |

THEODOROS VASKOPULOS'S MOTION FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL
Nos. 4:18-cv-06245-JSW, 4:18-cv-07018-YGR

i

## NOTICE OF MOTION AND MOTION

TO: ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE, that on February 8, 2019 at 9:00 a.m., or as soon as counsel may be heard, the undersigned will move before the Honorable Jeffery S. White, at the United States District Court for the Northern District of California, Oakland Courthouse, 1301 Clay Street, Oakland, CA 94612, pursuant to Rule 42 of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995, for an Order:

    1.    Consolidating the above-captioned related actions;

    2.    Appointing Theodoros Vaskopulos ("Movant") as Lead Plaintiff;

    3.    Approving Movant's choice of Levi & Korsinsky, LLP ("Levi & Korsinsky"), as Lead Counsel; and

    4.    Granting such other and further relief as the Court may deem just and proper.

Movant respectfully submit the following memorandum in support of his motion for: (a) consolidation of the above-captioned actions, (b) appointment of Movant as Lead Plaintiff, and (c) approval of Levi & Korsinsky as Lead Counsel.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**TABLE OF CONTENTS**

I.      SUMMARY OF ARGUMENT.......................................................................................... 2

II.     STATEMENT OF ISSUES TO BE DECIDED................................................................ 3

III.    STATEMENT OF FACTS................................................................................................. 3

IV.     ARGUMENT .................................................................................................................... 4

    A.  The Actions Should Be Consolidated.......................................................................... 4

    B.  The Court Should Appoint Movant as Lead Plaintiff ................................................. 5

        1.  The Procedure Required by the PSLRA................................................................ 5

            a.  Movant is Willing to Serve as Class Representative........................................... 6

            b.  Movant Has the Requisite Financial Interest in the Relief Sought by the Class... 7

        2.  Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil

            Procedure .............................................................................................................. 7

            a.  Movant's Claims are Typical of the Claims of all the Class Members................. 8

            b.  Movant Will Adequately Represent the Class..................................................... 9

    C.  Movant's Choice of Counsel Should Be Approved ................................................... 10

V.      CONCLUSION ............................................................................................................... 10

**TABLE OF AUTHORITIES**

**Cases**

*Booth v. Strategic Realty Trust, Inc.*,

No. 13-cv-04921-JST, 2014 WL 342625 (N.D. Cal. Jan. 27, 2014)....................................... 7

*In re Cavanaugh*,

306 F.3d 726 (9th Cir. 2002) .......................................................................................... 2, 7, 8

*Crawford v. Honig,*

37 F.3d 485 (9th Cir. 1994) ................................................................................................... 9

*In re Drexel Burnham Lambert Grp.*,

960 F.2d 285 (2d Cir. 1992) .................................................................................................. 9

*Ferrari v. Gisch*,

225 F.R.D. 599 (C.D. Cal. 2004)........................................................................................... 8

*Gen. Tel. Co. of the Southwest v. Falcon*,

457 U.S. 147 (1982) .............................................................................................................. 9

*Hanlon v. Chrysler Corp.*,

150 F.3d 1011 (9th Cir. 1998)............................................................................................... 8

*Haung v. Acterna Corp.,*

220 F.R.D. 255 (D. Md. 2004) .............................................................................................. 8

*Johnson v. Celotex Corp.,*

899 F.2d 1281 (2d Cir. 1990) ................................................................................................ 5

*In re Milestone Sci. Sec. Litig.*,

183 F.R.D. 404 (D.N.J. 1998) ............................................................................................... 8

*Mitchell v. Complete Mgmt., Inc.,*

No. 99 CIV. 1454 (DAB), 1999 WL 728678 (S.D.N.Y. Sept. 17, 1999) .............................. 5

*In re Oxford Health Plans, Inc. Sec. Litig.*,

182 F.R.D. 42 (S.D.N.Y. 1998)............................................................................................. 8

*Primavera Familienstifung v. Askin*,

173 F.R.D. 115 (S.D.N.Y. 1997)................................................................................................ 5

*Robidoux v. Celani*,

987 F.2d 931 (2d Cir. 1993) ...................................................................................................... 8

*Takeda v. Turbodyne Techs., Inc.*,

67 F. Supp. 2d 1129 (C.D. Cal. 1999)................................................................................... 5, 8

*Weiss v. York Hosp.*,

745 F.2d 786 (3d Cir. 1984) .................................................................................................. 8, 9

*Weisz v. Calpine Corp.*,

No. 4:02-CV-1200, 2002 WL 32818827 (N.D. Cal. Aug. 19, 2002).......................................... 5

*Weltz v. Lee*,

199 F.R.D. 129 (S.D.N.Y. 2001)................................................................................................ 5

**Statutes**

15 U.S.C. § 78u-4(a)(3)(A) ........................................................................................................ 6

15 U.S.C. § 78u-4(a)(3)(B)................................................................................................. passim

**Rules**

Fed. R. Civ. P. 23(a) ............................................................................................................ 2, 8, 9

Fed. R. Civ. P. 42(a) .................................................................................................................. 5

## I. SUMMARY OF ARGUMENT

Presently pending before the Court are two related securities class action lawsuits (the "Actions") brought on behalf of all persons who purchased, or otherwise acquired securities of Alphabet, Inc. ("Alphabet" or the "Company") between April 23, 2018 and October 10, 2018, inclusive (the "Class Period").[1]  Plaintiffs in the Actions allege violations of the Securities Exchange Act of 1934 (the "Exchange Act") against the Company, Lawrence E. Page ("Page"), Sundar Pichai ("Pichai")[2], and Ruth M. Porat ("Porat").[3]

The Private Securities Litigation Reform Act of 1995, as amended (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), provides for the Court to appoint as lead plaintiff the movant that has the largest financial interest in the litigation and has made a *prima facie* showing that he, she, or it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure.  *See generally In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002).  Theodoros Vaskopulos ("Movant") lost approximately $117,898.81 as a result of the alleged fraud during the Class Period.[4]  Moreover, Movant satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that his claims are typical of the claims of the Class, and he will fairly and adequately represent the interests of the Class.[5]  As such, Movant meets the requirements of the PSLRA for appointment as Lead Plaintiff.

---

[1] *El Mawardy v. Alphabet, Inc., et al.,* 1:18-cv-5704,(the "*El Mawardy* Action") was transferred to this Court on November 19, 2018 from the U.S. District Court for the Eastern District of New York. The *El Mawardy* Action uses a Class Period of April 24, 2018 through October 10, 2018. The *Wicks* Action uses a Class Period of April 23, 2018 through October 7, 2018. The most inclusive Class Period would therefore be April 23, 2018 – through October 10, 2018, inclusive.

[2] The *El Mawardy* Action does not list Defendant Pichai as a named defendant.

[3] Specifically, Plaintiffs allege violations of Sections 10(b) and 20(a) of the Exchange Act and rule 10b-5 promulgated thereunder against defendants Page (Director and Chief Executive Officer of Alphabet, Inc.); Pichai (Google, Inc.'s Chief Executive Officer); and Porat (Chief Financial Officer of Alphabet, Inc. and Google, Inc.).

[4] Movant's certification identifying his transactions in Alphabet, as required by the PSLRA, as well as a chart identifying his losses, are attached collectively to the Declaration of Adam M. Apton, dated December 10, 2018 ("Apton Decl."), as Exhibits A and B, respectively.

[5] The "Class" is comprised of all persons who purchased, or otherwise acquired Alphabet securities during the Class Period.

Accordingly, Movant respectfully requests that (a) he be appointed Lead Plaintiff; and (b) Levi & Korsinsky be approved as Lead Counsel.

## II.   STATEMENT OF ISSUES TO BE DECIDED

1.   Whether the Actions involve substantially similar issues of fact and law and should be consolidated;

2.   Whether Movant meets the requirements under the PSLRA to be appointed Lead Plaintiff; and

3.   Whether Movant's choice of Lead Counsel and Liaison Counsel should be approved.

## III.   STATEMENT OF FACTS

Alphabet, Inc. is the parent company of its leading subsidiary Google, Inc ("Google"), and was incorporated in 2015, while Google was founded in 1998. ¶2.[6] Alphabet's common stock trades on the NASDAQ Global Select Market under the ticker symbol "GOOG".[7] *Id*. Alphabet, through Google, operates "Google+", a social networking website, which appears to give users the ability to share and restrict the sharing of personal information by changing privacy settings. ¶3. Between 2015 and March 2018 the Google+ website experienced a glitch that allowed third party developers to access the personal data of profile users who did not opt in to permit their data to be publicly shared. ¶4. This glitch was discovered in March 2018 and after investigating, Google determined that more than a half million users' personal data was exposed to third parties. *Id*. After an internal committee investigation, it was decided to not notify users of the breach due to the fear of "immediate regulatory scrutiny." *Id*. The Complaint generally Defendants made false and/or misleading statements and/or failed to disclose that: (1) the Company's security measures had failed recently and massively, as Google had exposed the private data of hundreds of thousands of users of Google+ to third parties; (2) damage to the Company's reputation and

---

[6] Citations to "¶ __" are to paragraphs of the Class Action Complaint For Violation of the Federal Securities Laws (the "Complaint") filed in the *Wick* Action. The facts set forth in the Complaint are incorporated herein by reference.

[7] Alphabet's common stock has two classes, Class A and Class C, and trades on the NASDAQ under tickers "GOOGL" and "GOOG", respectively.

VASKOPULOS'S MOTION FOR CONSOLIDATION AND APPOINTMENT AS LEAD PLAINTIFF
NOS. 4:18-CV-06245-JSW, 4:18-CV-07018-YGR

3

operating results and loss of customers from this failure of the Company's security measures were imminent and inevitable; (3) the Company's security protections did not shield personal user data against theft and security breaches; and (4) the Company's security measures had been breached due to employee error, malfeasance, system errors or vulnerabilities. ¶5.

At the start of the Class Period on April 23, 2018 during aftermarket hours, the Company issued its Quarterly Report on Form 10-Q with the SEC for the period ending March 31, 2018. ¶26. In this 10-Q, Alphabet had stated that nothing had changed with regard to its "Risk Factors" since the last annual report for the period ending December 31, 2017. *Id.* On July 24, 2018[8], the Company filed its quarterly report on Form 10-Q with the SEC for the period ending June 30, 2018. ¶27. Alphabet again made the same statements concerning its "Risk Factors." *Id.*

Then on October 8, 2018, *The Wall Street Journal* reported that Google had discovered the glitch in the Google+ website back in March of 2018 but chose to not disclose the data breach. ¶31. On this news, Alphabet's stock dropped $67.75 per share to close at $1,081.22, a drop of 5.9% over the next to trading sessions. *Id.*

Then, on October 10, 2018 the Federal Trade Commission ("FTC") was contacted by Senators Blumenthal, Markey and Udall, urging it to investigate "whether the Google+ incident constitutes a breach of the company's consent decree or other commitments, and more broadly whether Google has engaged in deceptive acts and practices with respect to privacy." *El Mawardy* Complaint at ¶¶29-30.[9] On this news, Alphabet's Class A shares (GOOG), dropped $57.60, over 5%, to close at $1,081.22 on October 10, 2018. *Id.* at ¶30. Alphabet's Class C stock (GOOGL) dropped $53.01 per share to close at $1,092.16 on October 10, 2018, a drop of over 4.6%. *Id.*

## IV. ARGUMENT

### A. The Actions Should Be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this [sub-]chapter has been filed," the Court

---

[8] The *Wicks* Complaint incorrectly states that the Form 10-Q for the period ended June 30, 2018 was filed on July 23, 2018.

[9] The *El Mawardy* Action included an additional drop on October 10, 2018. References to this drop are cited to the *El Mawardy* Complaint.

VASKOPULOS'S MOTION FOR CONSOLIDATION AND APPOINTMENT AS LEAD PLAINTIFF
NOS. 4:18-CV-06245-JSW, 4:18-CV-07018-YGR
4

shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii). Thereafter, the Court "shall appoint the most adequate plaintiff for the consolidated actions." *Id.*

Under Rule 42(a) of the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a); *Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1132-33 (C.D. Cal. 1999); *see also Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001) ("[C]ourts have taken the view that considerations of judicial economy favor consolidation." (quoting *Johnson v. Celotex Corp.,* 899 F.2d 1281, 1284-85 (2d Cir. 1990)). Consolidation is particularly appropriate in securities class action litigation. *See Mitchell v. Complete Mgmt., Inc.,* No. 99 CIV. 1454 (DAB), 1999 WL 728678, at *1 (S.D.N.Y. Sept. 17, 1999) ("In securities actions where the complaints are based on the same 'public statements and reports' consolidation is appropriate if there are common questions of law and fact . . . .") (citation omitted); *Primavera Familienstifung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997). Courts, therefore, routinely find that consolidating multiple securities cases is an efficient solution where the complaints arise generally from the same alleged false and misleading statements. *See, e.g.*, *Weisz v. Calpine Corp.*, No. 02-cv-1200, 2002 WL 32818827, *2-3 (N.D. Cal. Aug. 19, 2002); *Takeda*, 67 F. Supp. 2d at 1132-33 (consolidation appropriate in securities class actions).

The Actions pending before this Court present similar factual and legal issues, as they both involve the same subject matter and are based on the same wrongful course of conduct. Each names Alphabet and certain of its officers and/or directors as defendants. Because the Actions arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all related actions. Accordingly, consolidation under Rule 42(a) is appropriate. *See Celotex Corp.*, 899 F.2d at 1285.

**B. The Court Should Appoint Movant as Lead Plaintiff**

**1. The Procedure Required by the PSLRA**

Once the Court decides the consolidation motion, the PSLRA mandates that the Court

decide the lead plaintiff issue "[a]s soon as practicable." 15 U.S.C. § 78u-4(a)(3)(B)(ii). The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a) and (a)(3)(B).

The plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment of lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A). The PSLRA requires the Court to consider within 90 days all motions filed within 60 days after publication of that notice by any person or group of persons who are members of the proposed class to be appointed lead plaintiff. 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that: (a) has either filed the complaint or made a motion in response to a notice; (b) in the determination of the court, has the largest financial interest in the relief sought by the class; and (c) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Movant satisfies the foregoing criteria and is not aware of any unique defenses that the defendants could raise against him. Therefore, Movant is entitled to the presumption that he is the most adequate plaintiff to represent the Class and, as a result, should be appointed Lead Plaintiff in the Action.

### a. Movant is Willing to Serve as Class Representative

On October 11, 2018 counsel in the actions caused notices (the "Notices") to be published pursuant to Section 21D(a)(3)(A) of the Exchange Act, which announced that a securities class action had been filed against Alphabet and the Individual Defendants, and which advised putative

class members that they had 60 days to file a motion to seek appointment as a lead plaintiff in the action.[8] Movant has reviewed a complaint filed in the pending Actions and has timely filed his motion pursuant to the Notice.

### b. Movant Has the Requisite Financial Interest in the Relief Sought by the Class

The Court shall appoint as lead plaintiff the movant or movants with the largest financial loss in the relief sought by the action. As demonstrated herein, Movant has the largest known financial interest in the relief sought by the Class. *See* Apton Decl., Ex. B. The movant who has the largest financial interest in this litigation and meets the adequacy and typicality requirements of Rule 23 is presumptively the lead plaintiff. *Booth v. Strategic Realty Trust, Inc.*, No. 13-cv-04921-JST, 2014 WL 342625, at *1-2 (N.D. Cal. Jan. 27, 2014) (citing *In re Cavanaugh*, 306 F.3d at 726-30).

Within the Class Period, Movant transacted in Alphabet common stock in reliance upon the materially false and misleading statements issued by the defendants, and was injured thereby. Movant suffered a substantial loss of approximately $117,898.81. *See* Apton Decl., Ex. B. Movant thus has a significant financial interest in the outcome of this case. To the best of his knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest and also satisfy Rule 23.

### 2. Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure

According to 15 U.S.C. §78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

(1) the class is so numerous that joinder of all members is impracticable; (2) there

---

[8] Both Actions caused a notice to be published pursuant to Section 21D(a)(3)(A) over *Business Wire* and *Globe Newswire*, widely-circulated national business-oriented wire services. The Notices are attached as Exhibit C to the Apton Decl.

are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification outlined in Fed. R. Civ. P. 23, only two – typicality and adequacy – are recognized as appropriate for consideration at this stage. *See Cavanaugh,* 306 F.3d at 730, n.5, 732. Furthermore, only a "preliminary showing" of typicality and adequacy is required at this stage. *See Takeda*, 67 F. Supp. 2d at 1136. Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *See Cavanaugh,* 306 F.3d at 732; *see also Haung v. Acterna Corp.,* 220 F.R.D. 255, 259 (D. Md. 2004); *In re Milestone Sci. Sec. Litig.*, 183 F.R.D. 404, 414 (D.N.J. 1998). As detailed below, Movant satisfies both the typicality and adequacy requirements of Fed. R. Civ. P. 23, thereby justifying his appointment as Lead Plaintiff.

**a. Movant's Claims are Typical of the Claims of all the Class Members**

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class." Movant plainly meets the typicality requirement of Rule 23 because: (i) he suffered the same injuries as the absent class members; (ii) he suffered as a result of the same course of conduct by Defendants; and (iii) his claims are based on the same legal issues. *See Ferrari v. Gisch*, 225 F.R.D. 599, 607 (C.D. Cal. 2004); *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998); *Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 50 (S.D.N.Y. 1998) (typicality inquiry analyzes whether plaintiffs' claims "arise from the same conduct from which the other class members' claims and injuries arise"). Rule 23 does not require that the named plaintiff be identically situated with all class members. It is enough if their situations share a common issue of law or fact. *See Weiss v. York Hosp.*, 745 F.2d 786, 808-09 (3d Cir. 1984). A finding of commonality frequently supports a finding of typicality. *See Gen. Tel. Co. of the*

*Southwest v. Falcon*, 457 U.S. 147, 158 n.13 (1982) (noting that the typicality and commonality requirements tend to merge).

In this case, the typicality requirement is met because Movant's claims are identical to, and neither compete nor conflict with the claims of the other Class members. Movant, like the other members of the Class, acquired Alphabet common stock during the Class Period at prices artificially inflated by the defendants' materially false and misleading statements, and were damaged thereby. Thus, his claims are typical, if not identical, to those of the other members of the Class because Movant suffered losses similar to those of other Class members and his losses result from the defendants' common course of wrongful conduct. Accordingly, Movant satisfies the typicality requirement of Rule 23(a)(3). *See Weiss*, 745 F.2d at 809; *see also In re Drexel Burnham Lambert Group*, 960 F.2d 285, 291 (2d Cir. 1992).

### b. Movant Will Adequately Represent the Class

Moreover, Movant is an adequate representative for the Class. Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interests of the movant are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between the interests of the movant and other members of the Class. 15 U.S.C. §78u-4(a)(3)(B); *see Crawford v. Honig,* 37 F.3d 485, 487 (9th Cir. 1994) (citation omitted).

Movant's interests are clearly aligned with those of the other members of the Class. Not only is there no evidence of antagonism between Movant's interests and those of the Class, but Movant has a significant and compelling interest in prosecuting the Action based on the large financial losses he has suffered as a result of the wrongful conduct alleged in the Actions. This motivation, combined with Movant's identical interest with the members of the Class, demonstrates that Movant will vigorously pursue the interests of the Class. In addition, Movant has retained counsel highly experienced in prosecuting securities class actions and will submit his choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). Therefore, Movant

will prosecute the Actions vigorously on behalf of the Class.

Accordingly, at this stage of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfies 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  In addition, because Movant has sustained the largest amount of losses from the defendants' alleged wrongdoing, he is, therefore, the presumptive lead plaintiff in accordance with 15 U.S.C. § 78u-4(3)(B)(iii)(I) and should be appointed as such.

### C.  Movant's Choice of Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval.  15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Movant has selected and retained Levi & Korsinsky, LLP as the proposed Lead Counsel for the Class.  The members of Levi & Korsinsky have extensive experience in successfully prosecuting complex securities class actions such as these, and are well-qualified to represent the Class.  *See* Apton Decl., Ex. D (firm resume of Levi & Korsinsky).

### V.  CONCLUSION

For the foregoing reasons, Movant respectfully requests that this Court: (1) consolidate the Actions; (2) appoint Movant as Lead Plaintiff; and (2) approve Levi & Korsinsky as Lead Counsel for the Class.

Dated: December 10, 2018            Respectfully submitted,

                                    **LEVI & KORSINSKY, LLP**

                                    /s/ Adam M. Apton_____
                                    Adam M. Apton (SBN 316506)
                                    44 Montgomery Street, Suite 650
                                    San Francisco, CA 94104
                                    Tel:  415-291-2420
                                    Email: aapton@zlk.com

                                    *Attorneys for Movant Theodoros Vaskopulos and*
                                    *Proposed Lead Counsel for the Class*

## CERTIFICATION OF PLAINTIFF PURSUANT TO FEDERAL SECURITIES LAWS

I, Theodoros Vaskopulos , duly certify and say, as to the claims asserted under the federal securities laws, that:

1. I have reviewed a complaint filed in the action(s).

2. I did not purchase the security that is the subject of this action at the direction of plaintiff's counsel or in order to participate in this private action.

3. I am willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

4. My transaction(s) in Alphabet Inc. which are the subject of this litigation during the class period set forth in the complaint are set forth in the chart attached hereto.

5. Within the last 3 years, I have not sought to serve nor have I served as a class representative in any federal securities fraud case.

6. I will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except as ordered or approved by the court, including any award for reasonable costs and expenses (including lost wages) directly relating to the representation of the class.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this December 10, 2018.


Name: Theodoros Vaskopulos

Signed:

**Theodore Vaskopulos**
**Transactions in Alphabet, Inc. Securities**
**Class Period: April 23, 2018 and October 10, 2018, inclusive**

| Date of Transaction | Buy (B) or Sell (S) | Quantity | Price ($) | Security |
|---|---|---|---|---|
| 10/3/2018 | Sold to Open | (4) | 24.15 | GOOGL, Put, $1,227.5, Oct 12,2018 |
| 10/3/2018 | Sold to Open | (8) | 24.15 | GOOGL, Put, $1,227.5, Oct 12,2018 |
| 10/3/2018 | Sold to Open | (10) | 10.36 | GOOGL, Put, $1,200, Oct 12,2018 |
| 10/10/2018 | Sold to Open | (7) | 103.75 | GOOGL, Put, $1,227.5, Oct 19,2018 |
| 10/10/2018 | B (assignment) | 700 | 1,227.50 | GOOGL Common Stock |
| 10/10/2018 | B (assignment) | 600 | 1,200.00 | GOOGL Common Stock |
| 10/10/2018 | S | (800) | 1,121.00 | GOOGL Common Stock |
| 10/15/2018 | B (assignment) | 700 | 1,227.50 | GOOGL Common Stock |