EXHIBIT E

The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| JAMES JOHNSON, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> COSTCO WHOLESALE CORPORATION, a Washington corporation; W. CRAIG JELINEK; and RICHARD A. GALANTI, <br><br> Defendants. | No. 2:18-cv-01611-TSZ <br><br> **FRED D. DAVOLI'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL** <br><br> NOTE ON MOTION CALENDAR: Friday, January 25, 2019 |
| PHIL CHEN, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> COSTCO WHOLESALE CORPORATION, W. CRAIG JELINEK, and RICHARD A. GALANTI, <br><br> Defendants. | ORAL ARGUMENT REQUESTED <br> CLASS ACTION <br><br> No. 2:18-cv-01779-JCC |

MOT. FOR CONSOL. & APPOINTMENT
Nos. 2:18-cv-01611-TSZ; 2:18-cv-01779-JCC      - 1

**BRESKIN | JOHNSON | TOWNSEND** PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

Fred D. Davoli ("Movant") hereby moves this Court for an Order: (a) consolidating the Actions; (b) appointing him as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995, as amended (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B); (c) approving his selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel and Breskin Johnson Townsend, PLLC ("Breskin, Johnson Townsend") as Liaison Counsel; and (iv) granting such other and further relief as the Court may deem just and proper.  In support of this Motion, Movant submits herewith the Declaration of Roger Townsend, dated January 7, 2019.

## PRELIMINARY STATEMENT

Presently pending before the Court are the two-above captioned securities class action lawsuits (the "Actions") brought on behalf of all persons who purchased or otherwise acquired the securities of Costco Wholesale Corporation ("Costco" or the "Company") between June 6, 2018 and October 25, 2018, inclusive (the "Class Period").[1]  Plaintiffs in the Actions allege violations of the Securities Exchange Act of 1934 (the "Exchange Act") against the Company, the Company's President and Chief Executive Officer, W. Craig Jelinek ("Jelinek"), and the Company's Executive Vice President and Chief Financial Officer, Richard A. Galanti ("Galanti").[2] As a result of the alleged fraud during the Class Period, Movant lost approximately $8,584.09.

The PSLRA provides for the Court to appoint as lead plaintiff the movant that has the largest financial interest in the litigation and has made a *prima facie* showing that he, she, or it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure.  *See generally In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002).  Movant satisfies both requirements.

---

[1]     The Actions are entitled *Johnson v. Costco Wholesale Corporation, et al.,* No. 2:16-cv-01611-TSZ (the "*Johnson* Action") and, *Chen v. Costco Wholesale Corporation, et al.,* No. 2:16-cv-01779-JCC(the "*Chen* Action"),  For the purposes of this Motion, Movant utilizes broadest class definition as described in the *Chen* Action.

[2] Specifically, plaintiffs in the Actions alleges that defendants violated Sections 10(b) and 20(a) of the Exchange Act, as well as Rule 10b-5 promulgated thereunder.

MOT. FOR CONSOL. & APPOINTMENT
Nos. 2:18-cv-01611-TSZ; 2:18-cv-01779-JCC      - 2

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

Movant believes that he has the largest financial interest in the outcome of the case.[3] As such, Movant meets the requirements of the PSLRA for appointment as Lead Plaintiff. Moreover, Movant satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that his claims are typical of the claims of the Class, and he will fairly and adequately represent the interests of the Class.[4]

Accordingly, Movant respectfully submits that he should be appointed lead plaintiff. Additionally, Movant's selection of Levi & Korsinsky as Lead Counsel and Breskin, Johnson Townsend as Liaison Counsel for plaintiff and the proposed class should be approved by this Court.

## STATEMENT OF FACTS

Costco engages in the operation of membership warehouses across the globe by aiming at offering low prices on a limited selection of national products in certain categories to produce high sales volumes and rapid inventory turnover. ¶ 15.[5] Costco is incorporated, and maintains its principal offices in Washington, with its common stock trading on the NASDAQ under the ticker symbol "COST". ¶ 6.

At the start of the Class Period on June 6, 2018 Costco announced its financial and operating results for the third fiscal quarter and nine months ended May 13, 2018 by filing a Form 10-Q with the SEC. ¶ 23. This report stated in relevant part that disclosure controls and procedures

---

[3] Movant's chart detailing his losses is attached to the Declaration of Roger Townsend dated January 7, 2019 ("Townsend Decl."), as Exhibit B.

[4] The "Class" is comprised of all persons who purchased or otherwise acquired Costco securities during the Class Period and were damaged upon the revelation of the alleged corrective disclosures. Excluded from the Class are defendants herein, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which defendants have or had a controlling interest.

[5] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "Complaint") filed in the *Johnson* Action. The facts set forth in the Complaint are incorporated herein by reference.

MOT. FOR CONSOL. & APPOINTMENT
Nos. 2:18-cv-01611-TSZ; 2:18-cv-01779-JCC     - 3

**BRESKIN | JOHNSON | TOWNSEND** PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

had been evaluated and were effective for the Quarterly report, and no material changes in its risk factors had been made since the Annual Report disclosure. ¶ 18.

Then, on October 4, 2018, the truth began to emerge when the Company issued a press release announcing the Company's financial and operating results for the fourth fiscal quarter and year ended September 2, 2018 by filing a Form 8-K with the SEC. ¶ 20. Here, Costco revealed it expected to report a material weakness in its internal control in its upcoming Annual Report. *Id.* On this news, the price of Costco's common stock declined $12.86 per share to close on October 5, 2018 at $218.82 per share, a drop of approximately 5.55%. ¶ 21.

After the disclosures on October 4, 2018, it was further disclosed on October 26, 2018 in the Company's fourth quarter financial and operating results that a material weakness in Costco's information technology general controls in the areas of user access and program change-management over certain information technology systems that support the Company's financial reporting processes ¶ 22. On this news, the price of Costco's common stock declined $8.21 per share to close on October 26, 2018 at $218.19 per share, a drop of approximately 3.63%. ¶ 23.

## ARGUMENT

### I. THE ACTIONS SHOULD BE CONSOLIDATED

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this [sub-]chapter have been filed," the Court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii). Thereafter, the Court "shall appoint the most adequate plaintiff for the consolidated actions." *Id*.

Under Rule 42(a) of the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a); *Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1132-33 (C.D. Cal. 1999); *see also Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001) ("[C]ourts have taken the view that considerations of judicial economy favor consolidation." (quoting *Johnson v. Celotex Corp.,* 899 F.2d 1281, 1284-85 (2d Cir. 1990)). Consolidation is particularly appropriate in securities class action litigation. *See*

MOT. FOR CONSOL. & APPOINTMENT
Nos. 2:18-cv-01611-TSZ; 2:18-cv-01779-JCC    - 4

**BRESKIN | JOHNSON | TOWNSEND** PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104 Tel: 206-652-8660

*Mitchell v. Complete Mgmt., Inc.*, No. 99-CV-1454 (DAB), 1999 WL 728678, at *1 (S.D.N.Y. Sept. 17, 1999) ("In securities actions where the complaints are based on the same 'public statements and reports' consolidation is appropriate if there are common questions of law and fact . . . .") (citation omitted); *Primavera Familienstiftung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997). Courts, therefore, routinely find that consolidating multiple securities cases is an efficient solution where the complaints arise generally from the same alleged false and misleading statements. *See, e.g.*, *Weisz v. Calpine Corp.*, No. 02-cv-1200, 2002 U.S. Dist. LEXIS 27831, *7-8 (N.D. Cal. Aug. 19, 2002); *Takeda*, 67 F. Supp. 2d at 1132-33 (consolidation appropriate in securities class actions).

The Actions present similar factual and legal issues, as they all involve the same subject matter and are based on the same wrongful course of conduct. The Actions name the same parties as defendants. Because they arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all related actions. Accordingly, consolidation under Rule 42(a) is appropriate. *See Celotex Corp.*, 899 F.2d at 1285.

Once the Court decides the consolidation motion, the PSLRA mandates that the Court decide the lead plaintiff issue "[a]s soon as practicable." 15 U.S.C. § 78u-4(a)(3)(B)(ii). Here, a prompt determination is reasonable and warranted under Rule 42(a), given the common questions of fact and law presented by the Actions now pending in this District.

## II. THE COURT SHOULD APPOINT MOVANT AS LEAD PLAINTIFF

### A. The Procedure Required by the PSLRA

The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a) and (a)(3)(B).

The plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment of lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A). The PSLRA requires the Court to consider within 90 days

all motions filed within 60 days after publication of that notice by any person or group of persons who are members of the proposed class to be appointed lead plaintiff. 15 U.S.C. §§ 78u-(a)(3)(A)(i)(II) and (a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Movant satisfies the foregoing criteria and is not aware of any unique defenses that the defendants could raise against him. Therefore, Movant is entitled to the presumption that it is the most adequate plaintiff to represent the Class and, as a result, should be appointed Lead Plaintiff in the Action.

### 1. Movant Is Willing to Serve As Class Representative

On November 6, 2018, counsel in the *Johnson* Action caused a notice (the "Notice") to be published pursuant to Section 21D(a)(3)(A) of the Exchange Act, which announced that a securities class action had been filed against Costco and the defendants, and advised putative class members that they had until January 7, 2019, to file a motion to seek appointment as a lead plaintiff

in the action.[6]  Movant has reviewed a complaint filed in the pending Actions and has timely filed his motion pursuant to the Notice.

### 2. Movant Has the Requisite Financial Interest in the Relief Sought by the Class

During the Class Period, Movant purchased Costco securities in reliance upon the materially false and misleading statements issued by the defendants and was injured thereby.  In addition, Movant suffered a substantial loss of $8,584.09. *See* Townsend Decl., Ex. B.  Movant thus has a significant financial interest in the outcome of this case.  To the best of his knowledge, there are no other applicants who have sought, or are seeking, appointment as Lead Plaintiff that have a larger financial interest and also satisfy Rule 23.

### B.  Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure

According to 15 U.S.C. §78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification outlined in Fed. R. Civ. P. 23, only two – typicality and adequacy – are recognized as appropriate for consideration at this stage.  *See Cavanaugh,* 306 F.3d at 730, n.5, 732.  Furthermore, only a "preliminary showing" of typicality

---

[6]  The *Johnson* Action was filed in this Court on November 5, 2018.  On November 6, 2018 plaintiff's counsel in the *Johnson* Action caused the Notice to be published over *Globe Newswire*, a widely-circulated national business-oriented wire service.  *See* Townsend Decl. Ex. C.

and adequacy is required at this stage. *See Takeda*, 67 F. Supp. 2d at 1136. Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *See Cavanaugh,* 306 F.3d at 732; *see also Haung v. Acterna Corp.,* 220 F.R.D. 255, 259 (D. Md. 2004); *In re Milestone Sci. Sec. Litig.*, 183 F.R.D. 404, 414 (D.N.J. 1998).

As detailed below, Movant satisfies both the typicality and adequacy requirements of Fed. R. Civ. P. 23, thereby justifying his appointment as Lead Plaintiff.

**1. Movant's Claims Are Typical of the Claims of All the Class Members**

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class." The typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiff's claims arise from the same event or course of conduct that gives rise to claims of other class members, and when the claims are based on the same legal theory. *Schonfield v. Dendreon Corp.*, Nos. C07-800MJP, 2007 WL 2916533, at *4 (W.D. Wash. Oct. 4, 2007). The requirement that a proposed class representative's claims be typical of the claims of the class does not mean, however, that the claims must be identical. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, (9th Cir. 1998); *Daniels v. City of N.Y.*, 198 F.R.D. 409, 418 (S.D.N.Y. 2001) (citing *Wilder v. Bernstein*, 499 F. Supp. 980, 922 (S.D.N.Y. 1980)).

In this case, the typicality requirement is met because Movant's claims are identical to, and neither compete nor conflict with the claims of the other Class members. Movant and all of the Class members purchased Costco securities and suffered damages as a result of these purchases due to the defendants' misrepresentations and omissions. Therefore, Movant's claims and injuries "stem from the same course of conduct" from which the other class members' claims and injuries arise. *Schonfield*, 2007 WL 2916533, at *4. Movant is not subject to any unique or special defenses. Therefore, Movant meets the typicality requirement of Rule 23 because his claims are the same as the claims of the other Class members.

MOT. FOR CONSOL. & APPOINTMENT
Nos. 2:18-cv-01611-TSZ; 2:18-cv-01779-JCC      - 8

**BRESKIN | JOHNSON | TOWNSEND** PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

**2. Movant Will Adequately Represent The Class**

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interests of the movant are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between the interests of the movant and other members of the Class. 15 U.S.C. §78u-4(a)(3)(B); *Schonfield*, 2007 WL 2916533, at *4.

Movant's interests are clearly aligned to those of the other members of the Class. Not only is there no evidence of antagonism between Movant and the other Class members, but Movant has a significant, compelling interest in prosecuting the action to a successful conclusion based upon the very large financial losses he has suffered as a result of the wrongful conduct alleged in these action. This motivation, combined with Movant's identical interest with the members of the Class, demonstrates that Movant will vigorously pursue the interests of the Class. In addition, Movant has selected law firms to represent it and the Class that are highly experienced in prosecuting securities class actions.

In sum, because of Movant's common interests with the Class members, his clear motivation and ability to vigorously pursue the action, and his competent counsel, the adequacy requirements of Rule 23(a)(3) and (4) are met. Therefore, because Movant not only meets both the typicality and adequacy requirements of Rule 23(a) and has sustained the largest amount of losses from the defendants' alleged wrongdoing, Movant is the presumptive Lead Plaintiff in accordance with 15 U.S.C. §78u-4(a)(3)(B)(iii)(I) and should be appointed as such to lead the action.

**III.  MOVANT'S CHOICE OF COUNSEL SHOULD BE APPROVED**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

MOT. FOR CONSOL. & APPOINTMENT
Nos. 2:18-cv-01611-TSZ; 2:18-cv-01779-JCC      - 9

**BRESKIN | JOHNSON | TOWNSEND** PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

Movant has selected and retained Levi & Korsinsky as the proposed Lead Counsel, and the Breskin, Johnson Townsend as Liaison Counsel for the Class. The members of Levi & Korsinsky have extensive experience in successfully prosecuting complex securities class actions such as these, and are well-qualified to represent the Class. *See* Townsend Decl. Ex. D (the firm resume of Levi & Korsinsky). Breskin, Johnson Townsend also possesses substantial complex litigation experience. *See* Townsend Decl. Ex. E (the firm resume of Breskin, Johnson Townsend).

## CONCLUSION

For the foregoing reasons, Movant respectfully requests that this Court: (1) consolidate the Actions; (2) appoint Movant as Lead Plaintiff for the Class in the Actions and (2) approve Levi & Korsinsky as Lead Counsel and Breskin, Johnson Townsend as Liaison Counsel for the Class.

Dated: January 7, 2019

Respectfully submitted,

BRESKIN JOHNSON TOWNSEND, PLLC

By: *s/ Roger Townsend*
   Roger Townsend, WSBA #25525
   1000 Second Avenue, Suite 3670
   Seattle, WA 98104
   Tel:  (206)652-8660
   rtownsend@bjtlegal.com

   LEVI & KORSINSKY, LLP (Trial Counsel)
   Eduard Korsinsky*
   55 Broadway, 10th Floor
   New York, NY 10006
   Tel: (212) 363-7500
   Fax: (212) 363-7171
   Email:ek@zlk.com
   *Pro hac vice* application forthcoming

   *Attorneys for Plaintiff and Proposed Lead Counsel for the Class*

**Certificate of Service**

I certify that, on the date stamped above, I caused this document to filed with the Clerk of the Court using the CM/ECF system, which will serve all parties by emailing notice of filing to their counsel of record.

s/ *Roger Townsend*
By: Roger Townsend, WSBA # 25525

MOT. FOR CONSOL. & APPOINTMENT
Nos. 2:18-cv-01611-TSZ; 2:18-cv-01779-JCC     - 11

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

**CERTIFICATION OF NAMED PLAINTIFF PURSUANT TO FEDERAL SECURITIES LAWS**

I, Fred D. Davoli , duly certify and say, as to the claims asserted under the federal securities laws, that:

1. I have reviewed the complaint and authorized its filing.

2. I did not purchase the security that is the subject of this action at the direction of plaintiff's counsel or in order to participate in this private action.

3. I am willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

4. My transaction(s) in Costco Wholesale Corporation which are the subject of this litigation during the class period set forth in the complaint are set forth in the chart attached hereto.

5. Within the last 3 years, I have not sought to serve nor have I served as a class representative in any federal securities fraud case.

6. I will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except as ordered or approved by the court, including any award for reasonable costs and expenses (including lost wages) directly relating to the representation of the class.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this January 7, 2019.


Name: Fred D. Davoli

Signed:

**Fred Davoli**
**Transactions in Costco Wholesale Corporation (COST) Securities**
**Class Period: June 6, 2018 to October 25, 2018, inclusive**
Buy (B), Sell (S), Sell to Open (SO), Buy to Open (BO), Sell to Close (SC), Buy to Close (BC)

| Date of Transaction | Transaction Type | Quantity | Security | Price ($) |
|---|---|---|---|---|
| 10/3/2018 | BO | 10 | Call 1/18/2019 @ $240 | $8.61 |