EXHIBIT F

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ODS CAPITAL LLC, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　vs.<br><br>JA SOLAR HOLDINGS CO., LTD., BAOFANG JIN, and SHAOHUA JIA,<br><br>　　　　　　　　　　Defendants. | Case No.  1:18-cv-12083-ALC<br><br>CLASS ACTION |

**NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT,
AND MOTION FOR ATTORNEYS' FEES AND EXPENSES**

Please be advised that your rights may be affected by the above-captioned securities class action (the "Litigation" or "Action") pending in the United States District Court for the Southern District of New York (the "Court"), if, you sold JA Solar Holdings Co., Ltd. ("JA Solar") ADS,[1] ordinary shares, or long position cash-settled equity swaps referencing JA Solar ADSs ("JA Solar Securities") during the period from November 20, 2017 through July 16, 2018, inclusive, (the "Class Period"), and/or cancelled or tendered your JA Solar Securities in exchange for the right to receive the consideration for JA Solar's take-private transaction (the "Merger") that closed on July 16, 2018, and were allegedly damaged thereby (the "Settlement Class").[2]

***A federal court authorized this Notice. This is not attorney advertising.***

- The Court will hold a Settlement Hearing on July 13, 2023 at 11:00 a.m. to decide whether to approve the Settlement. If approved by the Court, the Settlement will provide for the payment of $21,000,000 gross (the "Settlement Amount"), plus interest as it accrues, minus attorneys' fees, costs, compensatory awards to Co-Lead Plaintiffs and administrative expenses, and Taxes on interest, to former owners of JA Solar Securities who sold JA Solar Securities during the Class Period, and former owners of JA Solar Securities who cancelled or tendered those securities for the merger consideration in the Merger, and who submit eligible Claim Forms.

- Based on Co-Lead Plaintiffs' damages expert's estimate of approximately 26 million JA Solar ADSs (equivalent to approximately 130 million JA Solar ordinary shares) that may have been affected by the conduct alleged in the Litigation when they were tendered in the Merger (the "Tendered Shares"), and of approximately 60 million JA Solar ADSs (equivalent to approximately 298 million JA Solar ordinary shares) that may have been affected by the conduct alleged in the Litigation when they were sold during the Class Period (the "Seller Shares"), and assuming that all Settlement Class Members elect to participate in the Settlement and excluding amounts allocated to owners of long position cash-settled equity swaps referencing JA Solar ADSs, the estimated average recovery (before the deduction of any Court-approved fees, expenses and costs as described herein) is approximately $0.61 per ADS (and $0.12 per ordinary share) for the Tendered Shares and approximately $0.07 per ADS (and $0.01 per ordinary share) for the Seller Shares.[3]  Settlement Class Members should note, however, that the foregoing average recoveries per share are only estimates. Some Settlement Class Members may recover more or less than these estimated amounts depending on, among other factors, which JA Solar securities they sold or exchanged, when and at what prices they sold or exchanged their JA Solar securities, and the total number of valid Claim Forms submitted. Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth herein (*see* pages 9-11 below) or such other plan of allocation as may be approved by the Court. Additionally, the Settlement does not provide any recovery for alleged losses in connection with any JA Solar Securities that were the subject of a valid dissent from the Merger or that were part of the appraisal actions filed in the Cayman Islands arising out of the Merger.

- To claim your share of the Settlement, you must submit a valid Claim Form by July 8, 2023.

---

[1]　"ADS" refers to American depositary shares, each representing five ordinary shares of JA Solar.

[2]　All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement, dated January 23, 2023 (the "Stipulation"), which is available at www.JASolarSecuritiesSettlement.com.

[3]　An allegedly damaged JA Solar share might have been traded, and potentially damaged, more than once during the Class Period, and the average recovery indicated above represents the estimated average recovery for each share that allegedly incurred damages.

- Attorneys for Co-Lead Plaintiffs ("Co-Lead Counsel") intend to ask the Court to award them and other Plaintiffs' Counsel fees of up to 33.4% of the Settlement Amount, plus interest, and payment of up to $500,000 in Litigation Expenses and compensatory awards to Co-Lead Plaintiffs, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"). Since the Litigation's inception, Co-Lead Counsel have expended considerable time and effort in this case on a contingent-fee basis and have advanced the expenses of the Litigation with the expectation that if they were successful in obtaining a recovery for the class, they would be paid from such recovery. Collectively, the requested attorneys' fees, Litigation Expenses and compensatory awards to Co-Lead Plaintiffs are estimated to average approximately $0.217 per ADS (and $0.043 per ordinary share) for the Tendered Shares and approximately $0.025 per ADS (and $0.005 per ordinary share) for the Seller Shares. If approved by the Court, these amounts will be paid from the Settlement Fund.

- The estimated average recoveries, after the deductions set forth in the preceding paragraph, are approximately $0.393 per ADS (and $0.077 per ordinary share) for the Tendered Shares and approximately $0.045 per ADS (and $0.005 per ordinary share) for the Seller Shares. These estimates are based on the assumptions set forth in the preceding paragraphs. Your actual recovery, if any, will depend on the aggregate Recognized Losses of all eligible Settlement Class Members, the date(s) you sold JA Solar Securities or exchanged JA Solar Securities for the merger consideration, the sales price(s), and the total number and amount of claims filed.

- The Settlement resolves the Litigation and claims that JA Solar, Baofang Jin, and Shaohua Jia (collectively, "Defendants") violated federal securities laws by allegedly making misrepresentations and/or omissions of material fact in public statements to the investing public concerning, *inter alia*:  (i) Defendants' intention to relist the Company on any other stock exchange after completion of the Merger; (ii) Defendants' intention to keep the Company private; (iii) the value of the Company's securities leading up to the Merger; (iv) the fairness of the consideration exchanged for securityholders' shares in the Merger; and (v) the likelihood of the Merger being completed based on the number of securityholders that dissented from the Merger. Defendants have denied and continue to deny each, any, and all allegations of wrongdoing, fault, liability, or damage whatsoever asserted by Co-Lead Plaintiffs. Defendants have also denied, *inter alia*, the allegations that Co-Lead Plaintiffs or the Settlement Class have suffered damages or that Co-Lead Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Litigation. Defendants continue to believe the claims asserted against them in the Litigation are without merit.

- The Parties disagree on how much money, if any, could have been won if the investors prevailed at trial in the Litigation.

- For Co-Lead Plaintiffs, the principal reason for the Settlement is the guaranteed cash benefit to the Settlement Class. This benefit must be compared to the uncertainty of being able to amend the Amended Complaint and successfully oppose a second motion to dismiss; prevail in the pending appeals; the risk that the Court may refuse to certify a class and/or grant anticipated motions for summary judgment filed by Defendants; prove the allegations; the uncertainty of a greater recovery after a trial and appeals; and the difficulties and delays inherent in such litigation. For Defendants, who deny all allegations of wrongdoing or liability whatsoever and deny that Settlement Class Members were damaged, the principal reason for entering into the Settlement is to end the burden, expense, uncertainty, and risk of further litigation.

- If you are a member of the Settlement Class, your legal rights will be affected whether you act or do not act. If you do not act, you may permanently forfeit your right to recover on these claims. Therefore, you should read this Notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to get a payment from the Settlement. Claim Forms must be postmarked or submitted online **on or before July 8, 2023**. |
| **EXCLUDE YOURSELF** | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against the Defendants or any other Released Defendant Parties about the legal claims that were or could have been asserted in this case. Requests for exclusion must be received **on or before June 22, 2023**. |
| **OBJECT** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, and/or the request for attorneys' fees, costs, and expenses. You will still be a member of the Settlement Class. Objections must be received by the Court and counsel **on or before June 22, 2023**. |
| **PARTICIPATE IN THE HEARING** | Ask to speak in Court about the fairness of the Settlement, the Plan of Allocation, and/or the request for attorneys' fees, costs, and expenses. Requests to speak must be received by the Court and counsel **on or before June 22, 2023**. |
| **DO NOTHING** | Get no payment. Give up your rights. |

## INQUIRIES

**Please do not contact the Court regarding this Notice.** All inquiries concerning this Notice, the Claim Form, or any other questions by Settlement Class Members should be directed to:

| | | |
|---|---|---|
| *JA Solar Holdings Co., Ltd. Securities Settlement*<br>c/o KCC Class Action Services<br>P.O. Box 301133<br>Los Angeles, CA 90030-1133<br>Telephone: (833) 632-0286<br>info@JASolarSecuritiesSettlement.com | or | Jeremy A. Lieberman, Esq.<br>POMERANTZ LLP<br>600 Third Avenue, Floor 20<br>New York, NY 10016<br>Telephone: (212) 661-1100<br>Facsimile: (917) 463-1044<br>Email: jalieberman@pomlaw.com<br><br>and/or<br><br>Carol C. Villegas, Esq.<br>LABATON SUCHAROW LLP<br>140 Broadway<br>New York, NY 10005<br>Telephone: (888) 219-6877<br>Email: settlementquestions@labaton.com |

**BASIC INFORMATION CONCERNING THE SETTLEMENT**

| 1. | **Why did I get this notice packet?** |
|---|---|

You or someone in your family may have sold securities of JA Solar Holdings Co., Ltd. ("JA Solar" or the "Company") during the period from November 20, 2017 through July 16, 2018, both dates inclusive (the Class Period) or exchanged JA Solar Securities for the merger consideration in the Merger. **RECEIPT OF THIS NOTICE PACKET DOES NOT MEAN THAT YOU ARE A MEMBER OF THE SETTLEMENT CLASS OR THAT YOU WILL BE ENTITLED TO RECEIVE A PAYMENT.** The Parties do not have access to your individual investment information. If you wish to be eligible for a payment, you are required to submit the Claim Form that is being distributed with this Notice. *See* Question 10 below.

| 2. | **What is this case about?** |
|---|---|

The Settlement resolves the case known as *ODS Capital LLC v. JA Solar Holdings Co., Ltd.*, No. 18-cv-12083 (ALC) (S.D.N.Y.). The Court in charge of the case is the United States District Court for the Southern District of New York. The Litigation involves allegations that Defendants violated provisions of the Securities Exchange Act of 1934 ("Exchange Act") by allegedly making misrepresentations and/or omissions of material fact in public statements to the investing public regarding: (i) Defendants' intention to relist the Company on any other stock exchange after completion of the Merger; (ii) Defendants' intention to keep the Company private; (iii) the value of the Company's securities leading up to the Merger; (iv) the fairness of the consideration exchanged for securityholders' securities in the Merger; and (v) the likelihood of the Merger being completed based on the number of securityholders that dissented from the Merger. The Consolidated Amended Class Action Complaint (the "Amended Complaint") alleges that the misstatements or omissions artificially depressed the price of JA Solar Securities in order to avoid paying a fair price to JA Solar securityholders during the Merger.

The Court did not finally decide in favor of Co-Lead Plaintiffs or Defendants and there has been no trial. Instead, both sides agreed to a settlement with the assistance of an experienced mediator.

Defendants have denied and continue to deny each, any and all allegations of wrongdoing, fault, liability or damage whatsoever asserted in the Litigation. The Settlement shall not be construed as, or deemed to be evidence of, liability, fault, wrongdoing, injury or damages, or of any wrongful conduct, acts or omissions on the part of Defendants or any of the Released Defendant Parties, or of any infirmity of any defense, or of any damages to the Co-Lead Plaintiffs or any other Settlement Class Member. The Settlement resolves all of the claims in the Litigation, as well as certain other related claims or potential claims, whether known or unknown.

| 3. | **Why is this a class action?** |
|---|---|

In a class action, one or more persons called plaintiffs sue on behalf of all persons who have similar claims. All of the persons with similar claims are referred to as a class. One court resolves the issues for all class members, except for those who exclude themselves from the class.

| 4. | **Why is there a settlement?** |
|---|---|

Co-Lead Plaintiffs and Defendants do not agree about the merits of Co-Lead Plaintiffs' allegations and Defendants' defenses with respect to liability or the average amount of damages per share, if any, that would be recoverable if Co-Lead Plaintiffs were to prevail at trial on each claim. The issues on which Co-Lead Plaintiffs and the Defendants disagree include: (i) whether the challenged statements were materially false or misleading or otherwise actionable under federal securities laws; (ii) whether Defendants had a duty to disclose the allegedly omitted information; (iii) whether the Defendants acted with scienter; (iv) whether Co-Lead Plaintiffs relied on the challenged statements (or whether they were required to have relied on those statements); (v) whether Defendants' alleged misstatements and omissions caused any damages to investors; and (vi) the amount of alleged damages, if any, that could be recovered at trial.

This matter has not gone to trial and the Court has not decided in favor of either Co-Lead Plaintiffs or Defendants. Instead, Co-Lead Plaintiffs and Defendants have agreed to settle the case. Co-Lead Plaintiffs and Co-Lead Counsel believe the Settlement is best for all Settlement Class Members because of the risks associated with continued litigation and the nature of the defenses raised by the Defendants. Among the reasons that Co-Lead Plaintiffs and Co-Lead Counsel believe the Settlement is fair is the fact that there is uncertainty about whether they will be able to prove that any challenged statement was false or misleading, that the alleged misstatements and omissions actually caused the class any damages, and the amount of damages, if any.

Moreover, in addition to litigation of this type usually being expensive, it appears that, even if Co-Lead Plaintiffs' allegations were found to be true, the total amount of damages to which Settlement Class Members would be entitled could be substantially reduced.

**WHO IS IN THE SETTLEMENT**

To see if you will get money from this Settlement, you first have to determine if you are a Settlement Class Member.

| 5. | **How do I know if I am part of the Settlement Class?** |
|---|---|

The Settlement Class includes all persons and entities who sold JA Solar Securities, and were damaged thereby, during the period from November 20, 2017 through July 16, 2018 (the effective date of the Merger), inclusive, and all persons and entities whose JA Solar Securities were cancelled or tendered in exchange for the right to receive the Merger consideration.

Check your investment records or contact your broker to see if you have any eligible securities. The Parties do not independently have access to your trading information.

| 6. | **Are there exceptions to being included?** |
|---|---|

Yes. Excluded from the Settlement Class are (i) Defendants; (ii) members of the Immediate Families of the Individual Defendants and the directors and officers of JA Solar; (iii) any person who was an officer or director of JA Solar during the Class Period; (iv) any entity in which any Defendant has or had a controlling interest; (v) the legal representatives, heirs, beneficiaries, successors-in-interest, or assigns of any such excluded person or entity in (i)-(iv), in their respective capacity as such; and (vi) any persons or entities who or which exclude themselves by submitting a timely and valid request for exclusion that is accepted by the Court.

Also, the Settlement does not provide any recovery for alleged losses in connection with any JA Solar Securities that were the subject of a valid dissent from the Merger or that were part of the appraisal actions filed in the Cayman Islands arising out of the Merger.

| 7. | **What if I am still not sure if I am included?** |
|---|---|

If you are still not sure whether you are included, you can ask for free help. You can contact the Claims Administrator toll-free at (833) 632-0286 or at info@JASolarSecuritiesSettlement.com or by visiting the Settlement website www.JASolarSecuritiesSettlement.com, or you can fill out and return the Claim Form enclosed with this Notice to see if you qualify.

**THE SETTLEMENT BENEFITS – WHAT YOU GET**

| 8. | **What does the Settlement provide?** |
|---|---|

The proposed Settlement provides for Defendants to pay, or cause the payment of, $21,000,000 into a settlement fund, which may accrue interest (the "Settlement Fund"). The Settlement is subject to Court approval. Also, subject to the Court's approval, a portion of the Settlement Fund will be used to pay attorneys' fees with interest and reasonable Litigation Expenses to Plaintiffs' Counsel, and compensatory awards to Co-Lead Plaintiffs. A portion of the Settlement Fund also will be used to pay Taxes due on interest earned by the Settlement Fund, if necessary, and the costs of the claims administration, including the costs of printing and mailing this Notice, the costs of publishing notice, and the costs of processing claims. After the foregoing deductions from the Settlement Fund have been made, the amount remaining (the "Net Settlement Fund") will be distributed to Settlement Class Members who submit timely, valid claims, according to the Plan of Allocation to be approved by the Court ("Authorized Claimants").

| 9. | **How much will my payment be?** |
|---|---|

Your share of the Net Settlement Fund will depend on several factors, including: (i) how many JA Solar Securities you sold during the Class Period and/or exchanged for the Merger consideration, and the dates and prices of those sales and/or exchanges; (ii) the number of timely and valid claims submitted by other Settlement Class Members, and the sales and exchanges of JA Solar Securities represented by those claims; (iii) the amount of administrative costs, including the costs of notice; and (iv) the amount awarded by the Court to Plaintiffs' Counsel for attorneys' fees, costs, and expenses and compensatory awards to Co-Lead Plaintiffs.

The Claims Administrator will determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Loss" calculated pursuant to the Recognized Loss formula set forth in the Plan of Allocation approved by the Court. The Recognized Loss formula is the basis upon which the Net Settlement Fund will be allocated to Settlement Class Members with valid claims. The Recognized Loss formula is not intended to be an estimate of the amount that a Settlement Class Member might have been able to recover after a trial; it also is not an estimate of the amount that will be paid to Settlement Class Members pursuant to the Settlement. You can calculate your Recognized Loss by following the instructions in the proposed Plan of Allocation at page 9-11 of this Notice.

It is unlikely that you will get a payment for all of your Recognized Loss. After all Settlement Class Members have sent in their Claim Forms, the payment you get will be a share of the Net Settlement Fund equal to your proportional share of the Recognized Losses of all Authorized Claimants.

**HOW YOU GET A PAYMENT—SUBMITTING A CLAIM FORM**

| 10. | **How can I get a payment?** |
|---|---|

To qualify for a payment, you must submit a Claim Form. The Claims Administrator will process your claim and determine whether you are an Authorized Claimant.

A Claim Form is enclosed with this Notice and may also be downloaded at www.JASolarSecuritiesSettlement.com or submitted online using the website claim portal. Read the instructions carefully, fill out the form, include all the documents that the form requests, sign it, and mail or submit it online so that it is postmarked or received **no later than July 8, 2023**. The Claim Form may be submitted online at www.JASolarSecuritiesSettlement.com or mailed to:

*JA Solar Holdings Co., Ltd. Securities Settlement*
c/o KCC Class Action Services
P.O. Box 301133
Los Angeles, CA 90030-1133
Telephone: (833) 632-0286
info@JASolarSecuritiesSettlement.com

| 11. | **When would I get my payment?** |
|---|---|

The Court will hold a Settlement Hearing on July 13, 2023 at 11:00 a.m. to decide whether to approve the Settlement. If the Court approves the Settlement, there might be appeals afterwards. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. It also takes time for all the Claim Forms to be processed. Please be patient.

| 12. | **What am I giving up to get a payment or to stay in the Settlement Class?** |
|---|---|

If you are a member of the Settlement Class, unless you exclude yourself from the Settlement Class by the June 22, 2023 deadline, you will remain a member of the Settlement Class and will be bound by the release of claims against Defendants and other Released Defendant Parties if the Settlement is approved. That means you and all other Settlement Class Members and each of your respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, will release (agreeing never to sue, continue to sue, or be part of any other lawsuit) as against Defendants and other Released Defendant Parties any and all claims and causes of action of every nature and description, whether known or Unknown, contingent or absolute, mature or not mature, liquidated or unliquidated, accrued or not accrued, concealed or hidden, regardless of legal or equitable theory and whether arising under federal, state, common, or foreign law, that Co-Lead Plaintiffs or any other member of the Settlement Class: (a) asserted in the Action; or (b) could have asserted in the Action or any forum that arise out of, are based upon, or relate to, both (1) the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Action and (2) the holding, sale, or other disposition of JA Solar Securities during the Class Period or the cancellation or tender of JA Solar Securities in exchange for the right to receive the Merger consideration ("Released Plaintiffs' Claims"). Released Plaintiffs' Claims shall not include: (1) claims to enforce the Settlement or (2) any appraisal actions filed in the Cayman Islands related to the Merger. It also means that all of the Court's orders and the Judgment will apply to you and legally bind you. That means you will accept a share of the Net Settlement Fund as sole compensation for any losses you suffered in the sale or exchange of JA Solar Securities during the Class Period. Additional specific terms of the release are included in the Stipulation available at www.JASolarSecuritiesSettlement.com.

**EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS**

If you do not want a payment from this Settlement, and you want to keep any right you may have to sue or continue to sue Defendants and the other Released Defendant Parties on your own about the claims being released in this Settlement, then you must take steps to remove yourself from the Settlement Class. This is called excluding yourself, or "opting out," from the Settlement Class.  Defendants can terminate the Settlement if a certain amount of exclusion requests are received.

| 13. | **How do I get out of the proposed Settlement?** |
|---|---|

To exclude yourself from the Settlement Class, you must mail a letter stating that you request to be "excluded from the Settlement Class in *ODS Capital LLC v. JA Solar Holdings Co., Ltd.*, No. 18-cv-12083 (ALC) (S.D.N.Y.)". To be valid, the letter must state (A) your name, address, telephone number, and email address (if any); and (B) the date(s), price(s), and number(s) of JA Solar Securities sold during the Class Period, as well as JA Solar Securities tendered or cancelled in exchange for the right to receive the Merger consideration. In order to be valid, such request for exclusion must be submitted with documentary proof (i) of each sale transaction of JA Solar Securities during the Class Period and/or each exchange of JA Solar Securities for the merger consideration in the Merger and (ii) demonstrating your status as a beneficial owner of the JA Solar Securities. Any request for exclusion must be signed and submitted by you, as the beneficial owner. You must submit your exclusion request so that it is **received no later than June 22, 2023 at**:

6

*JA Solar Holdings Co., Ltd. Securities Settlement*
c/o KCC Class Action Services
EXCLUSIONS
P.O. Box 5100
Larkspur, CA 94977-5100

You cannot exclude yourself by telephone or by email. If you properly exclude yourself, you will not receive a payment from the Net Settlement Fund, you cannot object to the Settlement, and you will not be legally bound by any orders or the judgment in this case.

| 14. | **If I do not exclude myself, can I sue the Defendants or the other Released Defendant Parties for the same thing later?** |
|---|---|

No. Unless you exclude yourself by following the instructions above, you give up any rights to sue the Defendants or the other Released Defendant Parties for the claims being released in this Settlement. If you have a pending lawsuit against the Released Defendant Parties or related to any Released Plaintiffs' Claims, speak to your lawyer in that case immediately, since you must exclude yourself from this Settlement Class to continue your own lawsuit. Remember, the exclusion deadline is **June 22, 2023.**

| 15. | **If I exclude myself, can I get money from the proposed Settlement?** |
|---|---|

No. If you exclude yourself, you may not send in a Claim Form to ask for any money.

### THE LAWYERS REPRESENTING YOU

| 16. | **Do I have a lawyer in this case?** |
|---|---|

The Court has appointed Pomerantz LLP and Labaton Sucharow LLP as Co-Lead Counsel to the Settlement Class, to represent you and the other Settlement Class Members. If you want to be represented by your own lawyer, you may hire one at your own expense and they may file a notice of appearance in the Action. Contact information for Pomerantz LLP and Labaton Sucharow LLP is provided above.

| 17. | **How will the lawyers be paid?** |
|---|---|

Co-Lead Counsel have expended considerable time litigating this Action on a contingent-fee basis and have paid for the expenses of the case themselves. They have not been paid attorneys' fees or for their expenses in advance of this Settlement. Co-Lead Counsel have done so with the expectation that, if they are successful in recovering money for the Settlement Class, they and other Plaintiffs' Counsel[4] will receive attorneys' fees and be paid for their Litigation Expenses from the Settlement Fund, as is customary in this type of litigation. Plaintiffs' Counsel will not receive attorneys' fees or be paid for their Litigation Expenses except from the Settlement Fund. Therefore, Co-Lead Counsel will file a motion, on behalf of Plaintiffs' Counsel, prior to the Settlement Hearing asking the Court for an award of attorneys' fees in an amount not greater than 33.4% of the Settlement Fund, equaling $7,014,000 plus interest, plus payment of Litigation Expenses and compensatory awards to Co-Lead Plaintiffs of no more than $500,000. The Court may award less than these amounts. Any amounts awarded by the Court will come out of the Settlement Fund.

### OBJECTING TO THE SETTLEMENT AND RELATED MATTERS

| 18. | **How do I tell the Court that I object to the proposed Settlement, the Fee and Expense Application, and/or the Plan of Allocation?** |
|---|---|

If you are a Settlement Class Member, you can tell the Court you do not agree with the proposed Settlement, any part of the Settlement, the proposed Plan of Allocation, and/or Co-Lead Counsel's motion for attorneys' fees and expenses and application for compensatory awards to Co-Lead Plaintiffs. You can write to the Court setting out your objection. The Court will consider your views.

To object, you must send a signed letter saying that you object to the proposed Settlement in *ODS Capital LLC v. JA Solar Holdings Co., Ltd.*, No. 18-cv-12083 (ALC) (S.D.N.Y.). You must include (i) your name, address, telephone number, email, and your signature; (ii) the date(s), price(s), and number(s) of JA Solar Securities sold during the Class Period, as well as JA Solar Securities tendered or cancelled in exchange for the right to receive the Merger consideration, and documents showing your trading; and (iii) the objection(s) and the specific reasons for each objection, including whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class, and any legal and evidentiary support, and witnesses the Settlement Class Member wishes to bring to the Court's attention. If you are represented by counsel, you must also provide the name, address and telephone number of all counsel, if any, who represent you, including your former or current counsel who may be entitled to compensation in connection with the

---

4    Plaintiffs' Counsel are Pomerantz LLP, Labaton Sucharow LLP, and the Law Office of Jo Ann Palchak, P.A.

objection; the number of times you and your counsel has filed an objection to a class action settlement in the last five years; the nature of each such objection in each case; and the name and docket number of each case.

If you object, you subject yourself to the jurisdiction of the Court in this matter and consent to being deposed in your district of residence and producing, in advance of a deposition, any responsive documents to a discovery request prior to the Settlement Hearing.

Attendance at the Settlement Hearing is not necessary. Objectors wishing to be heard orally at the Settlement Hearing must indicate in their written objection that they intend to participate in the Settlement Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Settlement Hearing.

You must also mail or deliver copies of any objections, papers and briefs to **each** of the below such that they are **received no later than June 22, 2023:**

| **Clerk of the Court** | **Co-Lead Counsel** | **Counsel For Defendants** |
|---|---|---|
| United States District Court | Jeremy A. Lieberman, Esq. | Robert A. Fumerton, Esq. |
| Southern District of New York | POMERANTZ LLP | SKADDEN, ARPS, SLATE, MEAGHER |
| Thurgood Marshall United States | 600 Third Avenue, Floor 20 | & FLOM LLP |
| Courthouse | New York, NY 10016 | One Manhattan West |
| 40 Foley Square | | New York, NY 10001 |
| New York, NY 10007 | Carol C. Villegas, Esq. | |
| | LABATON SUCHAROW LLP | |
| | 140 Broadway | |
| | New York, NY 10005 | |

| 19. | **What is the difference between objecting and excluding myself?** |
|---|---|

Objecting is simply telling the Court you do not like something about the Settlement or some portion thereof. You can object only if you stay in the Settlement Class. Requesting exclusion is telling the Court you do not want to be part of the Settlement Class or the Settlement. If you exclude yourself, you cannot object to the Settlement because it no longer concerns you. If you stay in the Settlement Class and object, but your objection is overruled, you will not be allowed a second opportunity to exclude yourself.

**THE COURT'S SETTLEMENT HEARING**

The Court will hold a hearing to decide whether to approve the proposed Settlement, the Fee and Expense Application, and the Plan of Allocation. You may participate, and you may ask to speak, but you do not have to.

| 20. | **When and where will the Court decide whether to approve the proposed Settlement?** |
|---|---|

The Court will hold a Settlement Hearing remotely on July 13, 2023 at 11:00 a.m. To join, please contact the Court at 1-888-363-4749 and enter 3768660 for the access code.

At this hearing, the Court will consider whether the proposed Settlement is fair, reasonable, and adequate and should be approved by the Court; whether an Order and Final Judgment as provided for in the Stipulation should be entered; and whether the proposed Plan of Allocation should be approved. If there are objections, the Court will consider them, and the Court will listen to people who have asked to speak at the hearing. The Court may also decide how much should be awarded to Co-Lead Counsel for attorneys' fees and expenses and compensatory awards to Co-Lead Plaintiffs for their service to the Settlement Class.

We do not know how long these decisions will take. You should be aware that the Court may change the date and time of the Settlement Hearing without another notice being mailed to Settlement Class Members. If you want to attend the hearing, you should check with Co-Lead Counsel or the Settlement website, www.JASolarSecuritiesSettlement.com, beforehand to be sure that the date and/or time has not changed.

| 21. | **Do I have to come to the hearing?** |
|---|---|

No. Co-Lead Counsel will answer any questions the Court may have. However, you are welcome to attend at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mail your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary. Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

| 22. | **May I speak at the hearing?** |
|---|---|

If you object, you may ask the Court for permission to speak at the Settlement Hearing. To do so, you must include with your objection (*see* question 18 above) a statement that you "intend to appear in *ODS Capital LLC v. JA Solar Holdings Co., Ltd.*, No. 18-cv-12083 (ALC) (S.D.N.Y.)." Persons who intend to object to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees, costs, and expenses, and desire to present evidence at the Settlement Hearing, must include in their written objection the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing. You cannot speak at the hearing if you exclude yourself.

### IF YOU DO NOTHING

| 23. | **What happens if I do nothing at all?** |
|---|---|

If you do nothing, you will not receive a payment from the Settlement. However, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants or the Released Defendant Parties about the Released Plaintiffs' Claims (as defined in the Stipulation) ever again.

### GETTING MORE INFORMATION

| 24. | **Are there more details about the proposed Settlement?** |
|---|---|

This Notice summarizes the proposed Settlement. More details are in the Stipulation and Agreement of Settlement dated January 23, 2023. The Stipulation is the controlling document describing the proposed Settlement, and its terms govern anything to the contrary in this Notice. You can get a copy of the Stipulation, other documents related to the Settlement and the Fee and Expense Application, and obtain answers to common questions regarding the proposed Settlement by visiting www.JASolarSecuritiesSettlement.com or by contacting the Claims Administrator toll-free at (833) 632-0286.

| 25. | **How do I get more information about the case?** |
|---|---|

For even more detailed information concerning the matters involved in this Litigation, see the pleadings filed in the case, the papers filed in support of the Settlement and the Fee and Expense Application, and the orders entered by the Court, which are available for review during business hours at the Office of the Clerk of the Court, Southern District of New York, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007. (Please check the Court's website, www.nysd.uscourts.gov, for information about Court closures before visiting.)  Subscribers to PACER, a fee-based service, can also view the papers filed publicly in the Litigation through the Court's online Case Management/Electronic Case Files System at https://www.pacer.gov.

### PROPOSED PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND

1.    The Plan of Allocation set forth below is the plan for calculating claims and distributing the proceeds of the Settlement that is being proposed by Co-Lead Plaintiffs and Co-Lead Counsel to the Court for approval.  The Court may approve this Plan of Allocation or modify it without additional individual notice to the Settlement Class.  Any order modifying the Plan of Allocation will be posted on the Settlement website www.JASolarSecuritiesSettlement.com.  Defendants had no role in the preparation of the Plan of Allocation.

2.    The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants based on their respective alleged economic losses as a result of the alleged misstatements and omissions that were at issue in this Action.  The Claims Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund based upon the Recognized Loss formula described below.  A Recognized Loss Amount will be calculated for: (i) each JA Solar ADS[5] or ordinary share sold during the Class Period; (ii) each JA Solar ADS or ordinary share cancelled or tendered in exchange for the Merger consideration; and (iii) each long position cash-settled equity swap referencing JA Solar ADSs during the Class Period or the period thereafter in connection with the Merger,[6] which is listed in the Claim Form and for which adequate documentation is provided.[7]

3.    The Recognized Loss formula is not intended to estimate the amount a Settlement Class Member might have been able to recover after a trial, nor to estimate the amount that will be paid to Authorized Claimants pursuant to the

---

[5]    "ADS" refers to American depositary shares, each representing five ordinary shares of JA Solar.

[6]    Upon settlement of a typical cash-settled equity swap agreement, the long party receives from the short party an amount equal to the increase, if any, in the value of the referenced equity during the contract term, while the short party receives from the long party an amount equal to the decrease, if any, in the value of the referenced equity, plus interest accrued on the notional amount during the contract term at a specified rate.

[7]    Pursuant to the Stipulation, "JA Solar Securities" refers, collectively, to JA Solar ADS, ordinary shares, and long position cash-settled equity swaps referencing JA Solar ADSs.

Settlement. The Claims Administrator will determine a claimant's *pro rata* share of each Sub-Fund (described below) based on the claimant's total Recognized Loss within each Sub-Fund. A claimant's *pro rata* share of each Sub-Fund, if any, will be added together to determine the claimant's total distribution amount, if any. No distribution will be made to Authorized Claimants who would otherwise receive a distribution amount of less than $10.00.

4.     The Plan of Allocation was created with the assistance of a consulting damages expert, and reflects the assumption that the price of JA Solar Securities was artificially deflated throughout the Class Period. Under Co-Lead Plaintiffs' theory of liability, investors who sold shares of JA Solar during the Class Period, or tendered shares of JA Solar in exchange for Merger consideration, suffered damages when they sold or exchanged their shares for an amount less than fair value. Co-Lead Plaintiffs allege that the fair value of JA Solar Securities was greater than what investors received based, in part, on the higher valuation JA Solar received shortly after the Merger. The Recognized Loss formula below is based, in part, on Co-Lead Plaintiffs' estimate of the fair value of the JA Solar shares during the Class Period.

5.     Notwithstanding any other term of this Plan of Allocation, the Recognized Loss Amount for any security upon which the claimant, or any affiliate thereof, sought appraisal or provided notice of a valid dissent from the Merger, shall be zero; and the Recognized Loss Amount for any security sold or tendered by any affiliate, subsidiary or parent of any Defendant shall be zero.

6.     **Allocation of Settlement Proceeds into Sub-Funds**: The Net Settlement Fund shall be allocated into the following four Sub-Funds based on the type of security for which a claim is filed (*i.e.*, a JA Solar ADS, a JA Solar ordinary share, or a long position cash-settled equity swap referencing JA Solar ADSs), and when the JA Solar Security was held during the Class Period, and whether the security was sold or cancelled/tendered in the Merger:

   i.   Settlement proceeds available for JA Solar ADSs and JA Solar ordinary shares held as of the opening of the U.S. financial markets on December 11, 2017 that were subsequently sold during the Class Period shall be limited to a total amount of up to **10%** of the Net Settlement Fund.

   ii.  Settlement proceeds available for all other JA Solar ADSs and JA Solar ordinary shares sold during the Class Period shall be limited to a total amount of up to **10%** of the Net Settlement Fund.

   iii. Settlement proceeds available for JA Solar ADSs and JA Solar ordinary shares that were cancelled or tendered in exchange for Merger consideration shall be limited to a total amount of up to **75%** of the Net Settlement Fund.

   iv.  Settlement proceeds available for claims based on long position cash-settled equity swaps referencing JA Solar ADSs shall be limited to a total amount of up to **5%** of the Net Settlement Fund.

In the unlikely event that the Net Settlement Fund, allocated as set forth above, is sufficient to pay 100% of the Recognized Losses in one or more of the above Sub-Funds, any excess amount will be applied proportionally to pay the balance of the remaining Recognized Losses in the other Sub-Funds.

7.     In the calculations below, all sale prices shall exclude any fees, taxes and commissions. If a Recognized Loss Amount is calculated to be a negative number, that Recognized Loss Amount shall be set to zero. If a claimant's total Recognized Loss within a Sub-Fund is zero, they may still recover from a Sub-Fund where their total Recognized Loss is positive. Any transactions in JA Solar Securities executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session for the U.S. financial markets.

### Per-Security Recognized Loss Amount Calculations

8.     Recognized Loss Amounts per security shall be calculated as: (i) Co-Lead Plaintiffs' estimate of the fair value of the JA Solar Security during the Class Period[8] minus (ii) the price at which the security was sold, tendered/cancelled, or closed (in the case of swaps). The following will apply:

   (a)   The fair value of JA Solar ADSs and long position cash-settled equity swaps referencing JA Solar ADSs during the Class Period shall be $23.25 per ADS. The fair value of JA Solar ordinary shares during the Class Period shall be $4.65 per ordinary share.

   (b)   For JA Solar ADSs and JA Solar ordinary shares sold from November 20, 2017 through July 16, 2018, inclusive, the price at which the security was sold shall be determined from the trading records submitted by the claimant.

   (c)   For ADSs tendered/cancelled in exchange for Merger consideration, the price at which the security was exchanged shall be $7.55 per ADS. For JA Solar ordinary shares

---

[8]     Co-Lead Plaintiffs' estimate of the fair value of JA Solar Securities during the Class Period is based on the difference between JA Solar's valuation in the Merger of approximately $360 million and the value attributed to it shortly after the Merger of $1.1 billion in press accounts of JA Solar's relisting plan. ECF No. 109-1, Amended Complaint ¶158. Defendants do not agree with Co-Lead Plaintiffs' estimate of the fair value of JA Solar Securities.

tendered/cancelled in exchange for Merger consideration, the price at which the security was exchanged shall be $1.51 per ordinary share.

(d)    For each long position cash-settled equity swap referencing a JA Solar ADS during the Class Period, the price at which the swap was sold or closed shall be determined as the closing price of JA Solar ADS on the date the swap was sold or closed per ADS, or if it was sold or closed on or after July 16, 2018, the price at which the swap was sold or closed shall be $7.55 per ADS.

**ADDITIONAL PROVISIONS APPLICABLE TO ALL CLAIMANTS**

9.    The payment you receive will reflect your proportionate share of the Net Settlement Fund based upon your total Recognized Loss within each Sub-Fund.  Such payment will depend on the total number and amount of valid claims participating in the Settlement.  The number of claimants who send in claims varies widely from case to case.

10.    A purchase or sale of a JA Solar Security shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.

11.    Where a transaction occurred on or after July 16, 2018, at a price of $7.55 per JA Solar ADS or $1.51 per JA Solar ordinary share, that transaction shall be deemed a "tender."  JA Solar ADSs or ordinary shares surrendered for ultimate receipt of the Merger consideration during the Class Period prior to the Merger shall be treated as JA Solar ADSs or ordinary shares tendered in exchange for the Merger consideration if a claimant's trading records indicate the share was exchanged, cancelled or tendered, otherwise such transaction shall be treated as a sale. Notwithstanding any of the above, the transfer of JA Solar Securities during the Class Period in exchange for the receipt of securities of any other corporation or entity shall not be deemed a sale of a JA Solar Security. If a Settlement Class Member acquired a JA Solar Security during the Class Period by way of gift, inheritance or operation of law, the claim will be computed by using the date and price of the original acquisition and not the date and price of transfer.

12.    The first-in-first-out ("FIFO") basis will be applied to purchases and sales.  Sales will be matched in chronological order, by trade date, first against JA Solar Securities held as of the close of trading on November 17, 2017 (the last trading day before the Class Period begins) and then against the purchases of JA Solar Securities during the Class Period.

13.    Payment according to the Plan of Allocation will be deemed conclusive against all claimants. A claimant's Recognized Loss will be calculated as defined herein and cannot be less than zero.  The Claims Administrator shall allocate to each Authorized Claimant a *pro rata* share of the Net Settlement Fund based on his, her, or its Recognized Loss as compared to the total Recognized Losses of all claimants within each Sub-Fund.  No distribution will be made to Authorized Claimants who would otherwise receive a distribution amount of less than $10.00.

14.    The Claims Administrator will use its best efforts to administer and distribute the Net Settlement Fund to the extent that it is equitably and economically feasible.  Distributions will be made to Authorized Claimants after all timely claims have been processed and after the Court has finally approved the Settlement.  If there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise) after at least six (6) months from the date of initial distribution of the Net Settlement Fund, the Claims Administrator shall, if feasible and economical after payment of Notice and Administration Expenses, Taxes, and attorneys' fees and Litigation Expenses, if any, redistribute such balance among Authorized Claimants who have cashed their checks in an equitable and economic fashion.  Once it is no longer feasible or economical to make further distributions, any balance that still remains in the Net Settlement Fund after re-distribution(s) and after payment of outstanding Notice and Administration Expenses, Taxes, and attorneys' fees and expenses, if any, shall be contributed to Consumer Federation of America, or such other private, non-profit, non-sectarian 501(c)(3) organization designated by Co-Lead Plaintiffs and approved by the Court.

15.    Settlement Class Members who do not submit acceptable Claim Forms will not share in the Settlement proceeds. The Stipulation and the Judgment dismissing this Action will nevertheless bind Settlement Class Members who do not submit a request for exclusion or submit an acceptable Claim Form.

16.    Please contact the Claims Administrator or Co-Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Claim Form. If you are unsatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Settlement Class Members and the claims-administration process, to decide the issue by submitting a written request.

17.    Defendants, their respective counsel, and all other Released Defendant Parties will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim.  Co-Lead Plaintiffs and Co-Lead Counsel likewise will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement.

**SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES**

If, from November 20, 2017 through July 16, 2018, both dates inclusive, you held and/or sold JA Solar Securities (ADS, ordinary shares, and long position cash-settled equity swaps referencing JA Solar ADSs) and/or tendered/cancelled JA Solar Securities in exchange for the consideration in the Merger that closed on July 16, 2018 for the beneficial interest of a person or entity other than yourself, the Court has directed that, WITHIN TEN (10) CALENDAR DAYS OF YOUR RECEIPT OF THIS NOTICE, you either (a) provide to the Claims Administrator the name and last known address of each person or entity for whom or which you held, sold and/or tendered/cancelled JA Solar Securities during such time period or (b) request additional copies of this Notice Packet, which will be provided to you free of charge, and within ten (10) calendar days mail the Notice Packet directly to the beneficial owners of the JA Solar Securities. Nominees shall also provide email addresses for all such beneficial owners to the Claims Administrator, to the extent they are available. If you choose to follow alternative procedure (b), the Court has directed that, upon such mailing, you send a statement to the Claims Administrator confirming that the mailing was made as directed. **YOU ARE NOT AUTHORIZED TO PRINT THE NOTICE PACKET YOURSELF. NOTICE PACKETS MAY ONLY BE PRINTED BY THE COURT-APPOINTED CLAIMS ADMINISTRATOR**.

You may request reimbursement from the Settlement Fund of your reasonable out-of-pocket expenses actually incurred in connection with the foregoing of up to: $0.10 per Notice Packet, plus postage at the current pre-sort rate used by the Claims Administrator, for Notice Packets mailed by nominees; or $0.10 per mailing record and email address provided to the Claims Administrator.  Expenses will be paid upon request and submission of appropriate supporting documentation and timely compliance with the above directives.  All communications regarding the foregoing should be addressed to the Claims Administrator at the address listed on page 6 above.

DATED: April 18, 2023                              BY ORDER OF THE UNITED STATES DISTRICT COURT
                                                   FOR THE SOUTHERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| ODS CAPITAL LLC, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>     vs.<br><br>JA SOLAR HOLDINGS CO., LTD.,<br>BAOFANG JIN, and SHAOHUA JIA,<br><br>                  Defendants. | Case No. 1:18-cv-12083-ALC<br><br>CLASS ACTION |

## FINAL ORDER AND JUDGMENT

**WHEREAS:**

A.      As of January 23, 2023, Lead Plaintiffs Altimeo Asset Management ("Altimeo") and ODS Capital LLC ("ODS," and, collectively with Altimeo "Co-Lead Plaintiffs"), on behalf of themselves and all other members of the Settlement Class (defined below), on the one hand, and JA Solar Holdings Co., Ltd. ("JA Solar" or the "Company"), and Baofang Jin and Shaohua Jia (collectively, the "Individual Defendants" and, with JA Solar, "Defendants," and together with Co-Lead Plaintiffs, the "Parties"), on the other, entered into a Stipulation and Agreement of Settlement (the "Stipulation") in the above-titled litigation (the "Action");

B.      Pursuant to the Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, entered April 4, 2023 (the "Preliminary Approval Order"), the Court scheduled a hearing for July 13, 2023, at 11:00 a.m. (the "Settlement Hearing") to, among other things: (i) determine whether the proposed Settlement of the Action on the terms and conditions provided for

in the Stipulation is fair, reasonable, and adequate, and should be approved by the Court; (ii) determine whether a judgment as provided for in the Stipulation should be entered; and (iii) rule on Co-Lead Counsel's Fee and Expense Application;

C.       The Court ordered that the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Notice") and a Proof of Claim and Release form ("Claim Form"), substantially in the forms attached to the Preliminary Approval Order as Exhibits 1 and 2, respectively, be mailed by first-class mail, postage prepaid, on or before ten (10) business days after the date of entry of the Preliminary Approval Order ("Notice Date") to all potential Settlement Class Members who could be identified through reasonable effort, and that the Summary Notice of Pendency and Proposed Settlement of Class Action and Motion for Attorneys' Fees and Expenses (the "Summary Notice"), substantially in the form attached to the Preliminary Approval Order as Exhibit 3, be published in *The Wall Street Journal* and transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date;

D.       The Notice and the Summary Notice advised potential Settlement Class Members of the date, time, place, and purpose of the Settlement Hearing.  The Notice further advised that any objections to the Settlement were required to be filed with the Court and served on counsel for the Parties such that they were received by June 22, 2023;

E.       The provisions of the Preliminary Approval Order as to notice were complied with;

F.       On June 8, 2023, Co-Lead Plaintiffs moved for final approval of the Settlement, as set forth in the Preliminary Approval Order.  The Settlement Hearing was duly held before this Court on July 13, 2023, at which time all interested Persons were afforded the opportunity to be heard; and

G.      This Court has duly considered Co-Lead Plaintiffs' motion for final approval of the Settlement, the affidavits, declarations, and memoranda of law submitted in support thereof, the Stipulation, and all of the submissions and arguments presented with respect to the proposed Settlement;

NOW, THEREFORE, after due deliberation, IT IS ORDERED, ADJUDGED AND DECREED that:

1.      **Incorporation of Settlement Documents**.  This Judgment incorporates and makes a part hereof: (i) the Stipulation filed with the Court on January 23, 2023; and (ii) the Notice, which was filed with the Court on June 8, 2023.  Capitalized terms not defined in this Judgment shall have the meaning set forth in the Stipulation.

2.      **Jurisdiction**.  This Court has jurisdiction over the subject matter of the Action and all matters relating to the Settlement, as well as personal jurisdiction over all Parties to the Action, including all Settlement Class Members.

3.      **Class Certification for Purposes of Settlement**.  The Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies, for purposes of the Settlement only, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Settlement Class of: all Persons who sold JA Solar Securities, and were damaged thereby, during the period from November 20, 2017 through July 16, 2018 (the effective date of the Merger), inclusive, and all Persons whose JA Solar Securities were cancelled or tendered in exchange for the right to receive the Merger consideration. Excluded from the Settlement Class are: (i) Defendants; (ii) members of the Immediate Families of the Individual Defendants and the directors and officers of JA Solar; (iii) any person who was an officer or director of JA Solar during the Class Period; (iv) any entity in which any Defendant has or had a controlling interest; and (v) the

3

legal representatives, heirs, beneficiaries, successors-in-interest, or assigns of any such excluded person or entity in (i)-(iv), in their respective capacity as such. There was one request for exclusion from the Settlement Class. The request was untimely however it is allowed and listed on Exhibit A attached hereto.

4.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure and for purposes of the Settlement only, the Court hereby re-affirms its determinations in the Preliminary Approval Order and finally certifies Altimeo and ODS as Class Representatives for the Settlement Class; and finally appoints the law firms of Labaton Sucharow LLP and Pomerantz LLP as Class Counsel for the Settlement Class.

5.     **Notice**.  The Court finds that the dissemination of the Notice, Summary Notice, and Proof of Claim: (i) complied with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated to apprise Settlement Class Members of the effect of the Settlement, of the proposed Plan of Allocation for the proceeds of the Settlement, of Co-Lead Counsel's request for payment of attorneys' fees and Litigation Expenses incurred in connection with the prosecution of the Action, of Settlement Class Members' rights to object thereto or seek exclusion from the Settlement Class, and of their right to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (v) satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA").

6.     **Objections**.  There have been no objections to the Settlement.

7. **Final Settlement Approval and Dismissal of Claims**. Pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement and finds that in light of the benefits to the Settlement Class, the complexity and expense of further litigation, the risks of establishing liability and damages, and the costs of continued litigation, said Settlement is, in all respects, fair, reasonable, and adequate, having considered and found that: (a) Co-Lead Plaintiffs and Co-Lead Counsel have adequately represented the Settlement Class; (b) the proposal was negotiated at arm's-length between experienced counsel; (c) the relief provided for the Settlement Class is adequate, having taken into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Member claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (d) the proposed Plan of Allocation treats Settlement Class Members equitably relative to each other. Accordingly, the Settlement is hereby approved in all respects (including, without limitation: the amount of the Settlement; the releases provided for in the Stipulation; and the dismissal with prejudice of the claims asserted against Defendants) and shall be consummated in accordance with the terms and provisions of the Stipulation. The Parties are hereby directed to consummate the Stipulation and to perform its terms.

8. The Consolidated Amended Class Action Complaint (the "Amended Complaint"), filed on June 14, 2019, is dismissed in its entirety, with prejudice, and without costs to any Party, except as otherwise provided in the Stipulation.

9. **Rule 11 Findings**. The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

5

10.    **Releases**.  The releases set forth in paragraphs 4 and 5 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects.  Without further action by anyone, and subject to paragraph 12 below, upon the Effective Date of the Settlement, Co-Lead Plaintiffs and each and every other Settlement Class Member, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice each and every one of the Released Plaintiffs' Claims against each and every one of the Released Defendant Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Plaintiffs' Claims against any and all of the Released Defendant Parties, whether or not such Settlement Class Member executes and delivers a Proof of Claim form or shares in the Net Settlement Fund. Claims to enforce the terms of the Stipulation are not released.

11.    Without further action by anyone, and subject to paragraph 12 below, upon the Effective Date of the Settlement, each of the Defendants, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice each and every one of the Released Defendants' Claims against each and every one of the Released Plaintiff Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Defendants' Claims against any and all of the Released Plaintiff Parties.  Claims to enforce the terms of the Stipulation are not released. Notwithstanding the foregoing, nothing in

this Judgment shall constitute a release or waiver of any insurance that may be available to any of the Defendants.

12. Notwithstanding paragraphs 10 to 11 above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

13. **Binding Effect**. The terms of the Stipulation and this Judgment shall be forever binding on Defendants, Co-Lead Plaintiffs, and each Settlement Class Member (whether or not such Settlement Class Member executes and delivers a Claim Form), as well as their respective successors and assigns.

14. **No Admissions**. This Judgment and the Stipulation (including any exhibits thereto, the Supplemental Agreement, and any Plan of Allocation), whether or not consummated, and whether or not approved by the Court, and any discussion, negotiation, proceeding, or agreement relating to the Stipulation, the Settlement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of any of the Parties or their respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

(a) do not constitute, and shall not be offered or received against or to the prejudice of any of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties with respect to the truth of any allegation by Co-Lead Plaintiffs or the Settlement Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Plaintiffs' Claims, or of any liability, damages, negligence, fault or wrongdoing of any of the Released Defendant Parties or any person or entity whatsoever, or of any infirmity in any of Defendants' defenses;

7

(b) do not constitute, and shall not be offered or received against or to the prejudice of any of the Released Defendant Parties as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Defendants, or against or to the prejudice of Co-Lead Plaintiffs, or any other member of the Settlement Class as evidence of any infirmity in the claims of Co-Lead Plaintiffs, or the other members of the Settlement Class;

(c) do not constitute, and shall not be offered or received against or to the prejudice of any of the Released Defendant Parties, Co-Lead Plaintiffs, any other member of the Settlement Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Released Defendant Parties, Co-Lead Plaintiffs, other members of the Settlement Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(d) do not constitute, and shall not be construed against any of the Released Defendant Parties, Co-Lead Plaintiffs, or any other member of the Settlement Class, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

(e) do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Co-Lead Plaintiffs or any other member of the Settlement Class that any of their claims are without merit or infirm or that damages recoverable under the Amended Complaint would not have exceeded the Settlement Amount.

8

15.     The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court.

16.     **Termination of Settlement**.  In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and the Settlement Fund shall be returned in accordance with paragraph 47 of the Stipulation.

17.     **Modification of the Stipulation**.  Without further approval from the Court, Co-Lead Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement.  Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

18.     **Fee Order and Order on Plan of Allocation**.  A separate order shall be entered regarding Co-Lead Counsel's application for attorneys' fees and payment of Litigation Expenses as allowed by the Court.  A separate order shall be entered regarding the proposed Plan of Allocation for the Net Settlement Fund.  Such orders shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.  Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

9

19.     **Retention of Jurisdiction**.  Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement; (ii) the allowance, disallowance, or adjustment of any Settlement Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (iii) disposition of the Settlement Fund; (iv) any applications for attorneys' fees, costs, interest, and payment of Litigation Expenses in the Action; (v) all Parties for the purpose of construing, enforcing and administering the Settlement and this Judgment; and (vi) other matters related or ancillary to the foregoing.

20.     **Entry of Final Judgment**.  There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is respectfully directed.

DATED this _____13_____ day of _____July_____, 2023

The Clerk of Court is respectfully requested to terminate all pending motions and close this case.

_____
HONORABLE ANDREW L. CARTER, JR.
UNITED STATES DISTRICT JUDGE

10