# Exhibit 4

Laurence M. Rosen, Esq. (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Email: lrosen@rosenlegal.com

*Counsel for Movant and [Proposed]*
*Co-Lead Counsel for the Class*

*[Additional Counsel on Signature Page]*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY JOHNSON, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SABLE OFFSHORE CORP., JAMES C. FLORES, GREGORY D. PATRINELY, J.P. MORGAN SECURITIES LLC, JEFFERIES LLC, TD SECURITIES (USA) LLC, THE BENCHMARK COMPANY, LLC, JOHNSON RICE & COMPANY, L.L.C., PEP ADVISORY LLC, ROTH CAPITAL PARTNERS LLC, and TUOHY BROTHERS INVESTMENT RESEARCH, INC.,<br><br>Defendants. | Case No. 2:25-cv-06869-SVW-PVC<br><br>**REPLY MEMORANDUM OF LAW OF JIMMY CLEVELAND WHITE IN FURTHER SUPPORT OF HIS LEAD PLAINTIFF MOTION**<br><br><u>CLASS ACTION</u><br><br>JUDGE: Stephen V. Wilson<br>Hearing Date: October 27, 2025<br>Time: 1:30 p.m.<br>CTRM: 10A- First Street Courthouse |

1

Movant Jimmy Cleveland White ("Mr. White") respectfully submits this reply in further support of his lead plaintiff motion. Dkt. No. 44.

The question presented is whether the Court should appoint Ferdinand Aggenbach[1] lead plaintiff and Levi & Korsinsky LLP ("L&K") lead counsel, despite the fact that L&K issued *six* false legal advertisements claiming to have filed this action when it did not, in violation of California Rules of Professional Conduct Rule 7.1, which is followed by this court. The Court should not. Aggenbach's failure to oversee counsel or complicity in this regard disqualifies him from serving as lead plaintiff.

In opposition (Dkt. No. 51, the "Opposition"), Mr. White identified *fourteen* other cases around the country where L&K falsely claimed to have filed a case, when it has not. Opposition at 6-7. Similar to California's professional rules, other states have professional rules that track Model Rules of Professional Conduct, Rule 7.1, which prohibits false and misleading attorney advertising.

The Court should not reward this improper conduct. Additionally, the Court should reject any argument that because other of L&K's press releases may conform to the professional rules, it is absolved of wrongdoing. Lawyers are not permitted to pick and choose when it is convenient to follow ethical rules. It is not

---

[1] At one point in his opposition, L&K refers to Aggenbach as "Ageenbach". Dkt. No. 49 at 8. Counsel for Mr. White's understanding is that his name is spelled "Aggenbach" and so spells his name as such herein.

REPLY MEMORANDUM OF LAW OF JIMMY CLEVELAND WHITE IN FURTHER SUPPORT OF HIS
LEAD PLAINTIFF MOTION– 2:25-CV-06869-SVW-PVC

sufficient for a law firm to follow the rules regarding attorney advertising most of the time, and then choose not to follow the rules when it is advantageous, such as if a lead plaintiff motion deadline is only a few days away, as L&K did in this case (among other times). Typically, investors are most focused on a securities class action when it is first filed and as the lead plaintiff deadline approaches.

L&K's false press releases here followed that same pattern to maximize the impact of its false press releases. Stated differently, more class members were misled by the timing of L&K's false press releases. L&K issued two false press releases two days before this action's lead plaintiff deadline. Opposition at 5. Before then, L&K issued false press releases on September 17 and September 18, relatively close to the lead plaintiff deadline. *Id*. Closer to when this action was filed, on July 30, 2025, L&K published an article falsely claiming that it "[represented] the plaintiffs." *Id*. at 5-6.

L&K carried out this practice in other cases. L&K issued a press release falsely claiming to have filed an action against RxSight, Inc. on September 22, 2025—the lead plaintiff deadline in that case. *See* Dkt. No. 52-14. Replimune Group, Inc. was identified in the Opposition as a case that L&K falsely claimed to have filed. Opposition at 6. In *Replimune*, L&K issued press releases dated September 18, 2025, and September 21, 2025 falsely claiming to have filed that action—the lead plaintiff deadline there was September 22, 2025. Likewise in the

REPLY MEMORANDUM OF LAW OF JIMMY CLEVELAND WHITE IN FURTHER SUPPORT OF HIS LEAD PLAINTIFF MOTION– 2:25-CV-06869-SVW-PVC

Hims & Hers Health, Inc. case (Opposition at 7-8), L&K issued press releases falsely claiming to have filed a case three days before the lead plaintiff deadline in that case. Dkt. No. 52-15. These facts demonstrate that L&K's issuance of false attorney advertising is no accident. Rather, these facts show a concerted effort to maximize the impact of the false press releases on investors.[2]

In sum, L&K has issued false press releases in at least eighteen separate actions, and issued at least forty-five false press releases (or other legal advertisements).

In contrast to Aggenbach and his counsel, Mr. White, a retired dentist, is typical and adequate. With fifty years of investing experience, Mr. White is well situated to represent the class. Dkt. No. 45 at 9. Indeed, no competing movant has challenged Mr. White's adequacy and typicality. Likewise, no competing movant has challenged the adequacy of Mr. White's selection of counsel. Therefore, the Court should grant Mr. White's motion and deny Aggenbach's motion.

**ARGUMENT**

Preliminarily, as explained in his opening papers, Mr. White is adequate and typical. *See generally* Dkt. No. 45 at 4-9. In opposition, Aggenbach does not contest, and thus concedes, Mr. White's adequacy and typicality. *See generally*

---

[2] Undersigned counsel limited their research to only the last few months as to L&K's false attorney advertising. It is possible that if counsel expanded the time period, additional instances of improper attorney advertising would be discovered.

4

Dkt. No. 49. While Aggenbach has a greater financial loss than Mr. White, as explained herein and in Mr. White's Opposition, Aggenbach has failed to demonstrate his adequacy and typicality, and thus is not the presumptive lead plaintiff and his motion should be denied.

## I. L&K, UNDER AGGENBACH'S OVERSIGHT OR WITH HIS COMPLICITY, CONTINUES TO ISSUE FALSE PRESS RELEASES

In his Opposition, Mr. White identified at least fourteen recent cases around the country (in addition to this one) where L&K is issuing false press releases. Dkt. No. 51 at 6-7. L&K, under Aggenbach's oversight or complicity, has continued to do so.

Since the Opposition was filed,  L&K continued to issue false press releases in cases that Mr. White identified. *See* Opposition at 7. These include: (1) an October 7 press release falsely claiming to have filed a case against Charter Communications, Inc., (2) an October 8 press release falsely claiming to have filed a case against Savara Inc., and (3) an October 7 press release falsely claiming to have filed a case against Dow Inc. Copies of these press releases are attached as exhibits 4-6 to the Declaration of Laurence M. Rosen filed herewith ("Rosen Declaration").

REPLY MEMORANDUM OF LAW OF JIMMY CLEVELAND WHITE IN FURTHER SUPPORT OF HIS LEAD PLAINTIFF MOTION– 2:25-CV-06869-SVW-PVC

What's more, since the Opposition, L&K also issued similarly false press releases in three previously unidentified cases. They are: (1) *Bhagavan v. Nutex Health Inc.*, 4:25-cv-03999 (S.D. Tex.), Dkt. No. 1 at 32 (not filed by L&K); (2) *Gollapalli v. KinderCare Learning Companies, Inc., et al.*, 3:25-cv-01424 (D. Or.) (not filed by L&K); and (3) *Oklahoma Firefighters Pension and Ret. System v. Fortinet, Inc.*, et al., 3:25-cv-08037 (N.D. Cal.), Dkt. No. 1 at 21 (not filed by L&K). *See* Rosen Declaration, Exhibits 1-3.

As Mr. White explained in his Opposition, attorney misconduct is probative to adequacy and typicality, and a lawyer's "unethical conduct, both before and during the litigation [. . .], is relevant to determining whether counsel is adequate under Rule 23." *See* Opposition at 4 (citing *White v. Experian Information Solutions*, 993 F. Supp. 2d 1154, 1172 (C.D. Cal. 2014) (internal citation omitted)). Further, L&K's misconduct could derail a class certification. *See* Opposition at 4 (citing *Yumul v. Smart Balance, Inc.*, 2010 WL 4352723 at *4 (C.D. Cal. Oct. 8, 2010)). Because L&K's misconduct and Aggenbach's oversight or complicity impugn their adequacy and typicality, Aggenbach and L&K's motion should be denied as they are subject to unique defenses that Mr. White, his counsel, and class members are not. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(bb); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(bb).

## II. CONCLUSION

6

For the foregoing reasons, Movant respectfully requests that the Court issue an Order: (1) appointing Movant as Lead Plaintiff of the class; (2) approving Rosen Law and Schall Law as Co-Lead Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated:   October 13, 2025                    Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**
/s/ Laurence Rosen, Esq.
Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

**THE SCHALL LAW FIRM**
Brian Schall, Esq. (290685)
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Phone: (310) 301-3335
Fax: (877) 590-0483
Email: brian@schallfirm.com

*Counsel for Movant and [Proposed] Co-Lead Counsel for the Class*

REPLY MEMORANDUM OF LAW OF JIMMY CLEVELAND WHITE IN FURTHER SUPPORT OF HIS LEAD PLAINTIFF MOTION– 2:25-CV-06869-SVW-PVC

# CERTIFICATE OF WORD COUNT

The undersigned, counsel of record for Jimmy Cleveland White, certifies that this brief contains 1,207 words, which complies with the word limit of L.R. 11-6.1.

Executed on October 13, 2025.


/s/ Laurence M. Rosen

REPLY MEMORANDUM OF LAW OF JIMMY CLEVELAND WHITE IN FURTHER SUPPORT OF HIS
LEAD PLAINTIFF MOTION– 2:25-CV-06869-SVW-PVC

**CERTIFICATE OF SERVICE**

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the managing attorney of The Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071.  I am over the age of eighteen.

On October 13, 2025, I electronically filed the following **REPLY MEMORANDUM OF LAW OF JIMMY CLEVELAND WHITE IN FURTHER SUPPORT OF HIS LEAD PLAINTIFF MOTION** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on October 13, 2025.


/s/ Laurence Rosen
Laurence M. Rosen

REPLY MEMORANDUM OF LAW OF JIMMY CLEVELAND WHITE IN FURTHER SUPPORT OF HIS LEAD PLAINTIFF MOTION– 2:25-CV-06869-SVW-PVC