Nathaniel P. Garrett, Bar No. 248211
ngarrett@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, California 94104
Telephone:      (415) 626-3939
Facsimile:      (415) 875-5700

Marjorie P. Duffy (*pro hac vice*)
mpduffy@jonesday.com
JONES DAY
325 John H. McConnell Boulevard, Suite 600
Columbus, Ohio 43215
Telephone:      (614) 469-3939
Facsimile:      (614) 461-4198

Attorneys for Defendants
HIMS & HERS HEALTH, INC.,
ANDREW DUDUM, and OLUYEMI OKUPE

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re HIMS & HERS HEALTH, INC. SECURITIES LITIGATION,** | **Case No. 3:25-cv-05315-JD**<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**<br><br>Date:    June 18, 2026<br>Time:    11:00 a.m.<br>Court:   11<br>Judge:   Hon. James Donato |

Pursuant to the incorporation by reference doctrine and Federal Rule of Evidence 201, Defendants Hims & Hers Health, Inc. ("Hims"), Andrew Dudum, and Oluyemi Okupe (collectively, "Defendants") respectfully request that the Court consider the documents identified in this Request, which are attached to the Declaration of Marjorie P. Duffy (the "Duffy Declaration"), in connection with Defendants' Motion to Dismiss the Complaint (the "Motion"). Most of these documents are referenced or quoted in the Consolidated Class Action Complaint, Dkt. 86 (the "Complaint"), and, in any event, all are otherwise judicially noticeable.

## **ARGUMENT**

In ruling on a motion to dismiss a complaint brought under the federal securities laws, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007). The incorporation by reference doctrine allows the Court to "take into account 'documents whose contents are alleged in [the] complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.'" *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012) (second alteration in original). The Court may take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Huang v. Avalanche Biotechnologies, Inc.*, 2016 WL 6524401, at *3 (N.D. Cal. Nov. 3, 2016) (Donato, J.) (quoting Fed. R. Evid. 201(b)).

As explained below, all of the exhibits attached to the Duffy Declaration and submitted in support of the Motion are incorporated by reference into the Complaint and/or are subject to judicial notice. Each exhibit also provides the Court with important context to assess whether Plaintiffs have adequately alleged a claim.

### A.    Most of the Exhibits Are Incorporated by Reference Into the Complaint

Seven of the nine exhibits referenced in the Duffy Declaration are referred to extensively in the Complaint and form the basis of Plaintiffs' claims, and thus may be considered without

-1-

converting Defendants' motion to dismiss into one for summary judgment.

| Exhibit No. | Document Description | Reference(s) in the Complaint |
|---|---|---|
| 2 | Hims Press Release, issued on April 29, 2025 | ¶¶11, 74-78, Compl. Appendix, Dkt. 86-1 ("App'x") (Rows 1-3); *see also* ¶¶13, 80–84, 114, 116 |
| 4 | Transcript of Hims First Fiscal Quarter 2025 Earnings Call on May 5, 2025 | ¶¶87–93, App'x (Rows 5-9); *see also* ¶¶98–99. |
| 5 | Hims Quarterly Report on Form 10-Q for First Fiscal Quarter 2025, filed with the SEC on May 5, 2025 | ¶¶101, 134; *see also* ¶¶35, 39, 42 (referencing Hims' SEC filings). |
| 6 | Hims Form 8-K with Exhibits (including the Shareholder Letter), filed with the SEC on May 5, 2025 | ¶¶86, 93, App'x (Row 4); *see also* ¶¶35, 39, 42 (referencing Hims' SEC filings). |
| 7 | Truist Securities Report, dated May 13, 2025 | ¶¶100-103, App'x (Row 10) |
| 8 | Naomi Kresge and Madison Muller, *Novo Exits Hims Partnership, Citing Concerns Over Compounded Drugs*, Bloomberg, June 23, 2025 | ¶¶23, 107 |
| 9 | Daniel Gilbert, *How Novo Nordisk's pact with Hims & Hers blew up in a war of words*, Wash. Post, July 14, 2025 | ¶¶24, 114-117 |

***Earnings Call Transcript (Ex. 4).***  The Complaint's allegations rely upon a Hims earnings call transcript for Q1 2025.  *E.g.*, ¶¶87-93, App'x at Rows 5-9.  Because Plaintiffs allege misstatements in the transcript of the earnings call, the transcript may be treated as part of the Complaint and considered in assessing the Motion.  *E.g.*, *In re Nektar Therapeutics*, 2020 WL 3962004, at *7-8 (N.D. Cal. July 13, 2020) (incorporating by reference investor presentation transcripts); *Dresner v. Silverback Therapeutics, Inc.*, 2022 WL 16716165, at *4 (W.D. Wash. Nov. 4, 2022) ("A defendant may seek to incorporate a document into the complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim."); *see also In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996) (full text of documents cited in complaint alleging securities violations "may be considered in ruling on a Rule 12(b)(6) motion to dismiss").

-2-

***Third Party Reports (Exs. 7-9).***  The Complaint additionally relies upon an analyst report by Truist, and articles by the Washington Post and Bloomberg.  ¶¶23-24, 100-103, 107, 114-117; App'x at Row 10.  As such, these too are incorporated by reference into the Complaint.  *E.g.*, *In re Intel Corp. Sec. Litig.*, 2023 WL 2767779, at *9 (N.D. Cal. Mar. 31, 2023) (articles and analyst reports are "subject to incorporation by reference as sources of Lead Plaintiffs' challenged statements or allegations of falsity"), *aff'd sub nom. In re Intel. Corp. Sec. Litig.*, 2024 WL 1693340 (9th Cir. Apr. 19, 2024); *Lloyd v. CVB Fin. Corp.*, 2012 WL 12883522, at *12 (C.D. Cal. Jan. 12, 2012) ("a number of the analyst reports are referenced in the complaint, and thus may be considered under the incorporation by reference doctrine").

***Press Release (Ex. 2).***  The Complaint relies on a Hims press release, which Plaintiffs allege contains false or misleading statements.  ¶¶11, 74-78; App'x at Rows 1-3.  Accordingly, this press release is incorporated by reference into the Complaint.  *E.g.*, *Park v. GoPro, Inc.*, 2019 WL 1231175, at *6 (N.D. Cal. Mar. 15, 2019) ("Exhibit 2 is a press release which included the Q3 2017 results.  Several of the allegedly false statements arise from this press release.  As statements from this document form the basis of Plaintiffs' allegations, this statement is incorporated by reference."); *In re Intel*, 2025 WL 1914884, at *5 (incorporating by reference press releases issued by company-defendant).

***SEC Filings (Exs. 5-6).***  Finally, the Complaint references Hims' SEC filings—including a shareholder letter filed with the SEC and Hims' 10-Q from Q1 2025—as putative support for its allegations.  ¶¶86, 93, 101, 134; App'x at Row 4.  These documents are likewise incorporated by reference into the Complaint.  *E.g.*, *In re Intel*, 2025 WL 1914884, at *5 (holding that "[SEC filings] relied on in the Complaint are incorporated by reference."); *see also Ronconi v. Larkin*, 253 F.3d 423, 427 (9th Cir. 2001).

**B.      All of the Exhibits Are Also Judicially Noticeable Under Fed. R. Evid. 201**

All of the documents in the Duffy Declaration are also judicially noticeable under Fed. R. Evid. 201(b), which permits a court to notice an adjudicative fact if it is "not subject to reasonable dispute."

-3-

***Earnings Call Transcript (Ex. 4).*** The Court may take judicial notice of the earnings call transcript relied upon by Plaintiffs. "Courts in securities actions routinely take judicial notice of investor call transcripts and presentations." *In re Intel*, 2025 WL 1914884, at *5; *Huang*, 2016 WL 6524401, at *3 (taking judicial notice of "a transcript of a conference call with investors").

***Third Party Reports (Exs. 7-9).*** Courts in the Ninth Circuit likewise take judicial notice of analyst reports and news articles, such as those relied upon by the Complaint here. *E.g.*, *In re Intel*, 2025 WL 1914884, at *5-6 (taking judicial notice of analyst reports and news articles); *In re Century Aluminum Co. Sec. Litig.*, 2011 WL 830174, at *9 (N.D. Cal. Mar. 3, 2011) ("courts routinely take judicial notice of analyst reports").

***Press Releases (Exs. 2-3).*** The Court may also take judicial notice of the Hims April 29, 2025 press release referenced by the Plaintiffs, along with the related April 29, 2025 press release issued by Novo Nordisk. "Courts in securities actions routinely take judicial notice of press releases." *In re Intel*, 2025 WL 1914884, at *5; *see also Farhar v. Ontrak, Inc.*, 714 F. Supp. 3d 1198, 1207 (C.D. Cal. 2024) (taking judicial notice of press releases as a "matter of public record"). The Court should follow this well-trod path here.

***SEC Filings (Exs. 1, 5-6).*** Finally, "[p]ublic SEC filings," such as Hims' 2024 10-K, Q1 2025 10-Q, and May 5, 2025 Shareholder Letter (which is an exhibit to a Hims' 8-K), "are generally subject to judicial notice." *Huang*, 2016 WL 6524401, at *3. As with the other documents in the Duffy Declaration, "[c]ourts in securities actions routinely take judicial notice of SEC filings." *In re Intel*, 2025 WL 1914884, at *5; *see also Metzler Inv. GmbH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (judicial notice of SEC filings is "proper").

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court incorporate by reference and/or judicially notice Exhibits 19 attached to the Duffy Declaration in support of the Motion.

Dated:  March 19, 2026

JONES DAY

By: */s/ Nathaniel P. Garrett*
    Nathaniel P. Garrett
    Marjorie P. Duffy

Attorneys for Defendants
HIMS & HERS HEALTH, INC.,
ANDREW DUDUM, and OLUYEMI OKUPE

-5-